## THE STATE OF KANSAS v. THE KANSAS INSURANCE COMPANY, et al.

JUDGMENT, *Not Dormant; Receiver; Distribution*. On November 25, 1876, the Kansas Insurance Company, a corporation organized under the laws of the state, made a voluntary assignment for the benefit of its creditors. One W. was chosen as assignee. Thereafter and on March 9, 1878, a petition in *quo warranto* was filed in this court against the company and and others, praying for a dissolution of the corporation and a forfeiture of its charter and franchises, and that a receiver of its property and effects be appointed to take charge of and collect the same and make distribution among the creditors and persons entitled thereto. On April 9, 1878, the supreme court appointed a receiver of the corporation. On January 23, 1880, one A. H. Anderson presented to this court a judgment against the Kansas Insurance Company rendered in the district court of Douglas county, in this state, October 16, 1877, and asked that the receiver be required to pay the same from any moneys in his hands belonging to the corporation. An execution was issued upon said judgment out of the district court of Douglas county on October 17, 1877, and returned on November 3, 1877, wholly unsatisfied. On February 26, 1880, the court refused to order the receiver to make distribution upon the Anderson judgment, because said judgment had not been proved up before the assignee of the company, and at that time it was not supposed that the assets of the company were sufficient to pay all of the claims allowed by such assignee. On November 19, 1880, Anderson assigned his judgment to John B. Sutliff. On June 8, 1881, Sutliff filed an answer in the case of T. Z. Woodhouse *v.* The Kansas Insurance Company and others, pending in the circuit court of the United States for the district of Kansas, to recover the claims of creditors against the stockhold-

ers of the Insurance Company, setting up that he was the owner of the judgment obtained by Anderson, and asking that he be paid in full therefor. On September 15, 1884, after it had appeared that there was a surplus of moneys in the hands of the receiver of the Insurance Company, after the payment of all claims allowed against the company by its assignee, exept those surrendered and transferred to the receiver by Insley, Shire & Co., under a written contract, John B. Sutliff again presented the Anderson judgment to this court; showed that he was the holder and owner thereof; that it had never been paid, and asked that the same be allowed and satisfied from the moneys in the hands of the receiver. *Held*, That the judgment is not dormant and that Sutliff is entitled to the payment thereof, if there are sufficient funds in the hands of the receiver belonging to the company not otherwise appropriated by the orders of this court, to satisfy the same.

*Original Proceeding for an Order of Distribution.*

ON March 9, 1878, *The State of Kansas,* on the relation of Willard Davis, the attorney general thereof, filed in this court a petition in *quo warranto* against *The Kansas Insurance Company* and others, praying for a dissolution of the company and a forfeiture of its charter and franchises, and that a receiver of its property and effects be appointed to take charge of and collect the same, and make distribution among the creditors and persons entitled thereto, etc. On April 9, 1878, this court appointed H. W. Ide, Esq., of Leavenworth City, as receiver of the defendant company. On January 23, 1880, *A. H. Anderson* presented to this court his claim against *The Kansas Insurance Company,* asked that it might be allowed, and that the receiver be ordered to pay the same *pro rata* out of any moneys in his hands belonging to the company. The said claim was a judgment rendered October 16, 1877, in the district court of Douglas county for the sum of $1,005 and costs, against said company upon a policy of insurance of $1,000, for property which had been destroyed, which claim, on January 23, 1880, amounted to $1,505.65 debt, and $33.40 costs, and had never been presented for allowance to the assignee of the company. The court, on February 26, 1880, refused to order the receiver to make distribution upon the Anderson judgment, because said judgment had not been proved up before the assignee, and at that time it was not sup-

posed that the assets of the company were sufficient to pay all the claims allowed bp the assignee.   On November 19, 1880, Anderson assigned his judgment to John B. Sutliff, who, on June 8, 1881, filed an answer in the case of T. Z. Woodhouse, *v.* The Kansas Insurance Company and others, pending in the circuit court of the United States for the district of Kansas, to recover the claims of creditors against the stockholders of the Insurance Company, setting up that he was the owner of the judgment obtained by Anderson, and asking that he be paid in full therefor.

July 3, 1884, the court adjudged that the defendant, *The Kansas Insurance Company*, had forfeited all its rights and franchises under its charter, and decreed that its charter be forfeited, and that said corporation be dissolved.   On September 15, 1884, after it had appeared that there was a·surplus of moneys in the hands of the receiver of the *Insurance Company*, after the payment of all claims allowed against the *Company* by its assignee, except those surrendered and transferred to the receiver by Insley, Shire & Co., under a written contract, John B. Sutliff again presented the Anderson judgment to this court; showed that he was the holder and owner thereof; that it had never been paid; and asked that the same be allowed and satisfied from the moneys in the hands of the receiver.   The opinion, filed November 28, 1884, contains a sufficient statement of the facts.

*O. A. Bassett*, for claimant.

*E. Stillings*, contra.

The opinion of the court was delivered by

HORTON, C. J.:   The facts in this case are as follows:   On November 25, 1876, the Kansas Insurance Company made a voluntary assignment for the benefit of its creditors.   One George S. Woodward was chosen as assignee.   On March 9, 1878, a petition in *quo warranto* was filed in this court against the company and others, praying for a dissolution of the company, and a forfeiture of its charter and franchises, and that a

receiver of its property and effects be appointed to take charge of and collect the same, and make distribution among the creditors and persons entitled thereto. On April 9, 1878, H. W. Ide, Esq., of Leavenworth City, was appointed by this court receiver. On January 23, 1880, one A. H. Anderson presented to this court his claim against the Kansas Insurance Company, and asked that the same might be allowed, and that the receiver be ordered to pay the same *pro rata* out of any moneys in his hands belonging to the company. The claim of Anderson was a judgment rendered October 16, 1877, in the district court of Douglas county, for the sum of $1,005 and costs, against the Kansas Insurance Company, upon a policy of insurance of $1,000, for property which had been previously destroyed, now aggregating $1,505.65 debt, and $33.40 costs. This claim had never been presented for allowance to Geo. S. Woodward, assignee, and as it was not expected that the property and assets of the company in the hands of the receiver would be sufficient to pay the claims allowed by the assignee, the following order was made in this court on February 26, 1880:

"The court having had under advisement the question whether the creditors of said insurance company who failed to prove up their claims before the late assignee, George S. Woodward, are entitled to share in the distribution of the assets of the company, or not, and duly considered the same, now decides that they are not; and it is ordered that the receiver herein in making distribution of said assets exclude all creditors who failed to prove up their claims before said assignee."

Subsequently, and on November 19, 1880, A. H. Anderson, for value, assigned his judgment to John B. Sutliff. On June 8, 1881, John B. Sutliff filed his answer in the case of T. Z. Woodhouse *v.* The Kansas Insurance Company and others, pending in the circuit court of the United States for the district of Kansas, to recover the claims of creditors against the stockholders of the company, setting up that he was the owner of said judgment obtained by A. H. Anderson against the Kansas Insurance Company, and asking that he be paid the full

amount thereof. After it appeared that there was a surplus of moneys in the hands of H. W. Ide, Esq., receiver, after paying all the claims allowed against the Kansas Insurance Company by George S. Woodward, assignee, except those surrendered and transferred by Insley, Shire & Co. to the receiver of this court on the contract of June 26, 1878, John B. Sutliff again presented the Anderson judgment to this court on September 15, 1884, and showed that he was the holder and owner thereof, that it had never been paid, and asked that the same be allowed.

The claim is objected to, upon the following grounds:

First, that, under the ruling of the court of record, February 26, 1880, there has been an adjudication against the judgment rendered in favor of Anderson on October 16, 1877, and therefore that John B. Sutliff is barred from again presenting the same, or from any recovery thereon; second, that, as no execution has ever been issued upon the judgment, the claimant is now without remedy; third, that, as the judgment was rendered October 16, 1877, it is now dormant, and therefore not entitled to be paid; fourth, that M. H. Insley is entitled to a preference to the moneys in the hands of the receiver, upon the claims which he holds and of which he is the owner.

All of these objections must be overruled. There has been no adjudication in this court against the Anderson judgment. The order of February 26, 1880, merely decided that the creditors of the insurance company who had not proved up their claims before George S. Woodward, as assignee, were not at that time entitled to share *pro rata* in the distribution of the assets of the company. In other words, the decision was to the effect that only the creditors of the insurance company who had proved up their claims before the assignee of that company, were entitled to have their demands, which had been allowed, paid in full before the claims of any other creditors were to be considered.

The point made as to the non-issuance of an execution is not well taken, because it appears from the evidence lately filed that on October 17, 1877, an execution was issued by the

clerk of the district court of Douglas county upon the Anderson judgment; that the sheriff of that county received the same October 18, 1877, and returned the same into court on November 3, 1877, wholly unsatisfied. As the insurance company made a voluntary assignment on November 25, 1877, and as by proper proceedings had in this court on April 9, 1878, a receiver of the property of that company was duly appointed, and as on January 23, 1880, Anderson presented to this court his judgment for allowance, and as on September 15, 1884, John B. Sutliff again presented said judgment and asked for its allowance, and as said Sutliff, as assignee of said A. H. Anderson, filed his answer in the case of T. Z. Woodhouse *v.* The Kansas Insurance Company on June 8, 1881, pending in the circuit court of the United States for the district of Kansas to recover on said judgment, the judgment is not dormant. Five years had not elapsed from the date of the execution issued October 18, 1877, to January 23, 1880, the date that Anderson presented to this court the judgment for allowance. Again, five years had not elapsed from the date of said execution to June 8, 1881, when John B. Sutliff, as assignee of A. H. Anderson, filed his answer in the Woodhouse case to recover upon the said judgment. (*Burnes v. Simpson*, 9 Kas. 658 ; *Kothman v. Skaggs*, 29 id. 5 ; *Hummer v. Lamphear*, ante, p. 439 ; Civil Code, § 94.)

Finally, the claims of M. H. Insley are not entitled to preference over the judgment owned by Sutliff, because in the written agreement of June 26, 1878, between M. H. Insley and Messrs. Insley, Shire & Co., and H. W. Ide as receiver, it was expressly agreed "that the claims so surrendered and to be surrendered are to be held by said receiver as satisfied claims, except that said Insley is to have the right to receive on said claims any surplus that may be in the hands of the receiver after all other valid claims and costs shall be paid in full, including the expense of receivership," etc.

The claim, therefore, of John B. Sutliff must be allowed; and the receiver is directed to pay from the moneys in his hands the amount thereof, to wit, the sum of $1,505.65 debt,

and $33.40 costs, provided that he has that sum of money in his hands not otherwise appropriated by the orders of this court.

VALENTINE, J., concurring.

HURD, J., not sitting.