Eliza J. Price *et al.* v. The First National Bank of Atchison, Kansas.

**No. 11,887.** (64 Pac. 637.)

| | |
|---|---|
| 62 | 735 |
| f 62 | 750 |
| 62 | 735 |
| 64 | 46 |
| 62 | 735 |
| 66 | 645 |
| 66 | 745 |
| 66 | 747 |
| 62 | 735 |
| 67 | 728 |
| 62 | 735 |
| 80 | 743 |

1. JUDGMENTS—*Merger.* All causes of action upon which suit is brought and judgment obtained are merged in the final judgment and are thereby extinguished, and cannot be made the foundation of a subsequent action or judgment.

2. —— *Effect of Second Judgment.* A second judgment upon the same debt, although for a less amount than that recovered in the first, is a waiver of the remainder and an entire extinguishment of the first judgment.

3. —— *Satisfaction of Judgment Releases Security.* The satisfaction or extinguishment of a personal judgment in an action to foreclose a real-estate mortgage is a release of the mortgaged security.

Error from Atchison district court; W.' T. BLAND, judge. Opinion filed April 6, 1901. *In banc.* Reversed.

STATEMENT.

On July 10, 1890, John M. Price was indebted to defendant in error in the sum of $10,000. On that date he and his wife executed their two notes for $5000 each, due in the future. They also executed to one David Auld a deed to certain real estate in the city of Atchison and vicinity, in Atchison county, Kansas, in trust as security for the payment of said indebtedness, with a defeasance. These notes were reduced and renewed from time to time until, on January 19, 1894, they amounted to $8868.20. On that date, Price and wife executed to defendant in error two new notes for this old indebtedness, each in the sum of $4434.10, and at the same time executed to it the following additional notes : One for $2000, one for $1200 and twelve for $50 each. They also executed a mortgage upon the real estate in controversy herein, which will hereafter be called the homestead, to secure the payment of all these notes and interest. On the 22d day of April, 1894, the two notes, representing the old indebtedness, were renewed. Price and wife gave to the bank two other notes, each for the sum of $4548.65, payable in ninety days, with interest at the rate of ten per cent.

On the 21st of March, 1896, the defendant in error commenced its action No. 7907, in the district court of Atchison county, against the said John M. Price and his wife, Eliza J. Price, on ten different causes of action, as follows : (1) On one of the notes executed April 22, 1894, for $4548.65 and interest; (2) on the second of said notes of April 22, 1894, for $4548.65

and interest; (3) on the note of January 19, 1894, for $2000 and interest; (4) on the note of January 19, 1894, for $1200 and interest; its six other causes of action were each on one of the $50 notes of January 19, 1894. It sought to recover a personal judgment against Price and wife for the sum of $12,522.48, with interest at ten per cent from the date that the several notes were executed. On the 21st of May, 1897, it recovered a personal judgment against them for $16,729.09, and a decree foreclosing the mortgage on the homestead. Afterward, and on the 21st of May, 1898, an order of sale was issued to the sheriff of Atchison county, Kansas, on said judgment and decree, under which the homestead was sold to and purchased by the defendant in error. The sale was confirmed and a deed thereto executed to said defendant in error. This is the deed sought to be set aside in this action.

After having commenced action No. 7907, and on the same day, the defendant in error commenced a second action, No. 7908, in the district court of Atchison county, against John M. Price and wife. This petition contained two causes of action. The first was on one of the notes executed April 21, 1894, for $4548.65, and the same that was alleged as its first cause of action in case No. 7907; its second cause of action was on the other note of April 21, 1894, for $4548.65, and the same that was alleged as its second cause of action in case No. 7907, praying judgment for the sum of $9097.30, with interest from the date of the execution of the notes sued on and a foreclosure of the deed executed by Price and wife to David Auld in trust as security for said indebtedness.

On the 21st of May, 1897, and after the defendant in error had taken its personal judgment in action No.

47—62 KAN.

7907, for the sum of $16,729.09, and a decree foreclosing the mortgage on the homestead, cause No. 7908 was tried, and defendant in error recovered a personal judgment therein for $11,674.86 and a decree foreclosing the deed given in 1890 to David Auld, as trustee, for the lands therein described. An order of sale was issued in said action for the sale of said real estate, the proceeds thereof to be applied in satisfaction of said judgment.

John M. Price died in October, 1898. The plaintiff in error, Eliza J. Price, is the widow, and Eliza P. Price and John M. Price are the children, of said John M. Price, deceased. These plaintiffs in error brought this action in the district court of Atchison county to set aside the sheriff's deed to the homestead. The cause was tried and the defendant in error recovered judgment. Plaintiffs bring the case here. The record is voluminous, presenting many questions challenging the attention of this court, but, with the view we entertain, only one of such questions becomes material, and the foregoing statement is sufficient to a full understanding of the question which we conclude to be decisive of this case.

*Waggener, Horton & Orr*, for plaintiffs in error.

*C. D. Walker*, and *J. L. Berry*, for defendant in error.

The opinion of the court was delivered by

GREENE, J. : The important question in this case is, Did the judgment recovered in the former action become merged in the subsequent judgment, and thus extinguished ? The defendant in error, in its first action, included all causes of action which it held against Price and wife, and when judgment was rendered in that action all such causes became merged in that

judgment. In the forceful language quoted by Freeman in his work on Judgments, section 115, they became "drowned in the judgment." Black, in his work on Judgments, section 674, says:

" The cause of action is merged in the judgment and can never again become the basis of any claim against the defendant in the judgment. The original claim has, by being sued upon and merged in the judgment, lost its vitality and expended its force and effect. . . . So where judgment is recovered on a note, it is merged and extinguished, and a second judgment cannot be had thereon between the same parties."

When the defendant in error recovered its first judgment against Price and wife, the several causes of action sued on became merged in that judgment for $16,728.09. This judgment then might have been made a cause of action, but as such it is inseparable and indivisible. The subsequent judgment obtained by the defendant in error must be held to have been on this greater cause of action, and not on a separate part of it. If one has a single cause of action and elects to split it and recover on a part, this is a bar to a recovery on the remainder. In other words, the law declares that whatever of that cause of action is not sued on is merged in the judgment and thus extinguished. To hold otherwise would be to permit a creditor not only to embarrass his debtor but also to bankrupt him in interminable litigation, costs, and record liens on his property. The law will not tolerate this. It was held in *Coal Co. v. Brick Co.*, 52 Kan. 747, 749, 35 Pac. 810:

"It is the policy of the law to avoid a multiplicity of actions, and a party is not permitted to split a cause of action into two or more parts and maintain separate actions for each of the separate parts. A re-

covery of one part of an action so split up will consti-
tute a complete bar to a recovery upon any rem'aining
portion thereof."·

The same principle was again adhered to in *Thistler
v. Miller*, 53 Kan. 520, 36 Pac. 1060.

In *Bateman v. Railroad Co.*, 96 Mich. 441, 56 N. W.
28, Blaisdell executed to plaintiff a chattel mortgage
on certain household goods, securing the payment of
eighty-four dollars, according to the conditions of a
certain promissory note of even date and collateral
thereto.   On February 28, 1889, plaintiff replevied
the mortgaged chattels in the circuit court.   In April,
1889, pending the replevin suit, plaintiff recovered
judgment on the note before a justice of the peace.
The replevin suit was afterward prosecuted to judg-
ment, and the court found that there was nothing due
on the debt secured by the mortgage in excess of the
amount tendered at the commencement of the suit.
Afterward plaintiff took out a writ of garnishment
against the defendant in the proceeding before the
justice of the peace.   The defendant answered, plead-
ing the finding and judgment in the replevin pro-
ceeding.   The court held that this was a bar to the
plaintiff's action ; that the judgment in the replevin
suit, having become final, was binding and conclusive
as to the subject-matter on all persons and on all
courts.

In the syllabus in *Gould et al. v. Hayden et al.*, 63
Ind. 443, the court said :  "Where a judgment is thus
recovered upon a judgment, the latter is merged in the
former, and all of its liens or priorities released."   In
the opinion, on page 448, the court used this language :

"Was the judgment first rendered in the court of
common pleas of Union county, in this state, in favor
of said Louis Stix & Co. and against said Louisa J.

Johnson, so merged and absorbed in the judgment afterward rendered thereon in the court of common pleas of Warren county, in the state of Ohio, as to destroy the lien, vitality and other qualities of the first-named judgment?

"It seems very clear to us that this question must be answered in the affirmative. A judgment is a 'debt of record'; and, whether foreign or domestic, an action may be maintained thereon for the recovery of such debt, even where it might appear that the judgment plaintiff could enforce the collection of his judgment by an execution issued out of the court in which it was rendered. . . . If the precedent judgment is merged, as we think it must be, in the succeeding judgment, then it follows of necessity, as it seems to us, that the former judgment is completely extinguished. It has ceased to exist for any purpose; it cannot be used again as the foundation for another action, and all its qualities and incidents are lost and swallowed up in the judgment obtained thereon."

Under the laws of Mississippi, the sheriff or other officer is required, upon the levy of an execution upon personal property, to take a bond, if tendered with sufficient security, from the debtor, payable to the creditors, reciting the service of such execution, and the amount due thereon, in a penalty of double the amount of such execution, with condition to have the property levied on forthcoming at the day of sale; and, in case the property is not forthcoming, said sheriff or other officer shall return the bond so forfeited, with the execution, to the court from which the latter issued, on the return-day thereof. The law provides that every bond so forfeited shall have the force and effect of a judgment, and that execution shall issue against all the obligors thereon, etc. Under this law it was held, in *Brown v. Clark*, 4 How. (U. S.) 13, 11 L. Ed. 850: "The original judgment is

merged and satisfied by the new and more comprehensive statutory judgment upon the bond.''

It was held in *Purdy v. Doyle*, 1 Paige, 557, that '' where a creditor has obtained a lien upon real estate by a judgment at law, if he subsequently brings an action of debt on his judgment, and recovers a new judgment, he will lose his first lien.''

It is claimed by counsel for defendant in error that the judgment debtors in this case were amply protected. We find nothing in either judgment that protects them. In the first action the defendant in error recovered a judgment for $16,728.09 and costs. This was the total amount of the Prices' indebtedness. In the second action it recovered another judgment in the sum of $11,647.84 and costs. Both of these judgments were liens, so far as the record is concerned, on the property of the defendants, and were subject to enforcement. To say that the judgment debtor could have gone into court and pleaded the satisfaction of one as the satisfaction of both, is not a protection.

It is contended by counsel for defendant in error that the extinguishment of the judgment by merger would not extinguish the mortgage lien. The mortgage lien was security for the judgment, and when the judgment becomes extinguished or satisfied the security is released; it has nothing upon which to rest. In Kansas a mortgage passes no title; it is but incident to the debt, and cannot continue where there is no debt.

It is also contended by counsel that a merger can only apply where the party has had a full and complete opportunity to recover its whole judgment. In the action brought by the defendant below, it not only had an opportunity to recover its full demand, but it prosecuted that opportunity to final judgment, and after judgment it then waived its right and brought a

subsequent action on a portion only of its debt. In its original action it might have brought in all parties necessary to a foreclosure of its mortgage on the homestead, as well as a foreclosure on its deed upon the other real estate ; it had the opportunity.

While the several causes included in the first action became merged in the judgment therein rendered, and thereby extinguished, the debt still existed in that judgment, and the second judgment, being for the debt included in the first judgment, is a total extinguishment of that judgment. The judgment itself having been thus extinguished, there was nothing to support the order of sale, and the sale conveyed no title.

It is therefore ordered that the judgment of the court below be reversed, and the cause remanded with instructions to enter judgment for plaintiffs in accordance with this opinion.