WILLIAM DUMONT *et al.*, *as Trustees, etc.*, v. HENRY H. TAYLOR *et al.*

No. 13,196.   (74 Pac. 234.)

SYLLABUS BY THE COURT.

MORTGAGE—*Lien Merged in Decree.* A mortgage lien is merged into a decree foreclosing it.   After that an action cannot be maintained on the indebtedness secured by the mortgage or for a foreclosure of the mortgage a second time.

Error from Clay district court ; W. S. GLASS, judge. Opinion filed November 7, 1903.   Affirmed.

*S. N. Hawkes*, for plaintiffs in error.

*Harkness & Davis*, for defendants in errror.

The opinion of the court was delivered by

SMITH, J. :  On July 8, 1891, John B. Vance, trustee of the United Society called Shakers, of New Glouces- ter, Maine, obtained a decree of foreclosure in the dis- trict court, based on a note and mortgage given by Henry H. Taylor.   Plaintiffs in error are his succes- sors in the trust.   After the mortgage lien attached,

Taylor sold the land to H. L. Frishman, who assumed and agreed to pay the incumbrance. An order of sale was sued out in May, 1894, but withdrawn by order of the plaintiff below. No other execution or order of sale was issued. After this, Frishman promised to make payments on the judgment, and did make payments annually until 1899.

This action was begun on May 1, 1900. The petition sets out a copy of the note and mortgage with an allegation that judgment was rendered on the note, and a decree entered foreclosing the mortgage, together with an averment that Frishman 'made payments on the judgment annually as above stated. The prayer of the petition asks for a foreclosure of the mortgage ; that the sums found due the plaintiffs be declared a first lien on the land ; that the same be sold and the proceeds applied to the plaintiff's debt, after payment of the costs and taxes ; and that the sheriff make a deed to the purchaser.

It is evident from the petition of plaintiffs below that the indebtedness referred to, evidenced by the note, was merged in the decree of foreclosure of July 8, 1891. (*Price v. Bank*, 62 Kan. 735, 64 Pac. 637, 84 Am. St. Rep. 419.) It is urged, however, that while the indebtedness may be so merged, the lien of the mortgage is not. Cases are cited from other states holding this view. Whatever the rule may be elsewhere, the question is no longer an open one in this state. See *Price v. Bank*, supra ; *Swenson v. Plow Company*, 14 Kan. 387 ; *Kulp v. Kulp*, 51 id. 341, 32 Pac. 1118, 21 L. R. A. 550. See, also, *The People v. Beebe*, 1 Barb. 379 ; *Gage v. Brewster et al.*, 31 N. Y. 218, 226.

Counsel for plaintiffs in error states in his brief : ''This action is, therefore, an action upon the original note and mortgage revived, continued and kept alive

by the payments, promises and acknowledgments in writing of the defendant." As before stated, whatever payments were made or promises given were made and given after the decree of foreclosure was entered, and related thereto. After the merger of the mortgage lien into the judgment the former was extinguished, and could not be made the basis of another action to foreclose it a second time.

The judgment of the court below will be affirmed.

All the Justices concurring.

BURCH, J., concurring: I agree to the decision of this case, but upon grounds entirely different from those stated in the opinion.