JOSEPH P. ROSSITER v. C. M. MERRIMAN et al.·

No. 16,156.

SYLLABUS BY THE COURT.

1. NOTE AND MORTGAGE—*Judgment on the Note—Mortgage Not Released.* A creditor holding a note secured by a mortgage may take judgment on the note alone without releasing the mortgage lien or waiving his right to foreclose the mortgage.

2. ——— *Note Merged in the Judgment—Debt Not Discharged.* When the note is reduced to judgment it becomes merged in the judgment and can not thereafter be made the foundation of a subsequent cause of action, but the merger and extinguishment of the note does not discharge the debt nor extinguish the lien.

3. MORTGAGES—*Foreclosure—Pleading Rendition and Assignment of Judgment on·the Note.* After the merger the judgment is the evidence of the debt secured by the mortgage, and a proceeding to foreclose the mortgage should be founded on the judgment rather than on the original note; and in this case it is *held*, that the rendition of the judgment on the note and the transfer of the same to the plaintiff was sufficiently pleaded and brought to the consideration of the court to justify a judgment foreclosing his mortgage.,

Error from Montgomery district court; THOMAS J.· FLANNELLY, judge.   Opinion filed October 9, 1909. Reversed.

STATEMENT. ֊

THIS suit to foreclose two mortgages involves the ownership of one and priority between the two.   The plaintiff, Joseph P. Rossiter, set up a note executed by Charles M. Merriman and wife on June 15, 1897, for $450, and a mortgage on a lot in Coffeyville securing the note, as well as an assignment of the note and mortgage to himself by the Mid-continent Coöperative Loan Company, the mortgagee.   He asked judgment for the amount due on the note and the foreclosure of the mortgage.   No answer was filed by the Merrimans, but the Cable Company answered with a general denial and an allegation that on February 14, 1898, the Merrimans

conveyed the mortgaged lot to W. M. Selby and that shortly afterward Selby executed a second mortgage on the lot to the Chicago Cottage Organ Company; now known as the Cable Company, to secure the payment of notes for $474. It was alleged, too, that judgment had been taken on the Merriman note, thus merging the note in the judgment, and therefore that judgment was a bar to the action of the plaintiff on the first note and mortgage. The plaintiff replied and admitted that the Merriman note had been reduced to judgment in the city court of Coffeyville, but alleged that the court had no existence and was without jurisdiction. There was also an averment that the judgment had been set aside by the court rendering it. In addition there was a specific allegation that the judgment had been assigned to the plaintiff by one having authority to transfer it, and a copy of the assignment was set forth. Finally it was alleged in the reply that the plaintiff had purchased and was the owner of the Selby notes and mortgage.

The case was sent to a referee, who made findings of fact and conclusions of law that were approved by the trial court. Finding No. 1 relates to the execution of the Merriman note and mortgage to the Mid-continent Coöperative Loan Company, about which there is no dispute. Finding No. 2 relates to the transfer of the lot to Selby, and the execution of the notes and mortgage by him to the defendant company, subject to the first mortgage, given by the Merrimans. Finding No. 3 is to the effect that a receiver was appointed for the loan company, who took possession of the assets of the company. Finding No. 4 is that on July 17, 1899, the receiver brought an action in the city court upon the Merriman note and mortgage, and that on February 27, 1900, he obtained a personal judgment against the Merrimans for $463.88 and an order foreclosing the mortgage. Finding No. 5 is that on February 26, 1901, the receiver, under an order of court, sold the Merriman note and mortgage to the plaintiff, and about the same

Rossiter v. Merriman.

time assigned to the plaintiff the judgment which had been obtained on the note and mortgage in the city court. Finding No. 6 is that on March 16, 1901, the plaintiff obtained an order in the city court purporting to set aside the judgment on the Merriman note and mortgage. Finding No. 7 is that in 1900 Marion L. Rossiter purchased the mortgaged premises from Selby and has since been the owner of the same. Finding No. 8 is that the plaintiff has paid the taxes on the mortgaged lot from 1897 to 1903, amounting to $75.75, and also a special assessment of $30.75. Finding No. 9 relates to the change of name of the defendant company. Finding No. 10 is that this action was brought April 1, 1901, based on the same note and mortgage that were sued on in the city court. Finding No. 11 is that the answer and cross-petition of the defendant company was filed on October 6, 1902, which set up the rendition of the judgment in the city court and for affirmative relief asked judgment on the Selby notes and mortgage. Finding No. 12 is that the reply of the plaintiff was filed December 18, 1902, in which ownership of the Selby notes and mortgage was alleged and an attack made upon the validity of the act creating the city court. Finding No. 13 is that the testimony did not show that the plaintiff was the owner of the Selby notes.

On these facts the following conclusions of law were made:

"(1) The court of Coffeyville had jurisdiction to render a personal judgment against Charles M. Merriman and Nannie E. Merriman upon the Merriman note, executed and delivered to the Mid-continent Coöperative Loan Company on the 15th day of June, 1897.

"(2) The judgment so rendered upon said note was a valid judgment.

"(3) The court of Coffeyville had no jurisdiction to order a foreclosure of the mortgage given to secure the said Merriman note, and which covered lot one (1) in block one (1), Scurr & Savage addition to the city of Coffeyville, Kan., and its attempted order of foreclosure was of no validity.

"(4) The order of the court of Coffeyville attempting

to set aside and vacate the judgment rendered in the case of the Mid-continent Coöperative Loan Company against Merriman and Merriman *et al.*, was of no validity, as said order was made almost a year after the judgment had been rendered in said cause, and at that time the court had lost jurisdiction and had no authority to make said order.

" (5) The cause of action upon the note sued upon in the above-entitled cause was merged in the judgment rendered in the case of the Mid-continent Coöperative Loan Company against Charles M. Merriman *et al.*, and hence said note nor the mortgage given to secure the same can never again become the basis of any claim against the said defendants, Charles M. Merriman, Nannie E. Merriman, *et al.*

" (6) The original note has, by being sued upon and merged in the judgment, lost its vitality, and has expended its force and effect, and a second judgment can not be had thereon between the same parties.

" (7) The cause of action upon said note being merged in the judgment obtained in the court of Coffeyville, the plaintiff is not entitled to maintain this action.

" (8) The defendant Cable Company is entitled to judgment upon its notes and mortgage and foreclosure of its mortgage, as prayed for in its cross-petition."

On these findings judgment was rendered against the plaintiff, who prosecutes error.

*George R. Snelling,* and *Joseph P. Rossiter,* for the plaintiff in error.

*Charles D. Welch,* for the defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: Although the plaintiff challenges the finding of fact as to the purchase and ownership of the Selby notes it is not open to reconsideration, because the evidence on which it was based was not preserved and there was no motion for a new trial.

There remains the question whether the facts found justified the ruling that the plaintiff was not entitled to a foreclosure of the Merriman mortgage. That mortgage was legally executed, duly recorded, and it,

Rossiter v. Merriman.

as well as the claim which it secured, had been pur-
chased by and was the property of the plaintiff.  The
mortgage had never been discharged by payment or
release.  The lien of the mortgage was prior to that
acquired under the Selby mortgage, and of that fact
the junior mortgagee had abundant notice.  Aside
from priority of record, there was a recital in the
Selby mortgage that it was executed subject to the
Merriman mortgage, previously given.  The plaintiff
was denied a foreclosure of this mortgage, not because
of waiver, extinguishment or satisfaction, but because
the note for the payment of which the security was
given had become merged in the personal judgment
rendered in the city court of Coffeyville.

It may be assumed, as the trial court found, that the
judgment of the city court was valid and is a subsist-
ing obligation.  It is also clear that when the Merri-
man note was reduced to judgment it became merged
in the judgment and could not thereafter be made the
foundation of a subsequent cause of action.  (*Price v.
Bank,* 62 Kan. 735; *Remington v. Hudson,* 64 Kan. 43;
*Redden v. Bank,* 66 Kan. 747.)  However, the merger
and extinguishment of the note did not discharge the
debt nor extinguish the mortgage.  The form of the
debt was changed, but the debt itself, for which the
mortgage was security, remained in full force.  The
debt secured by the mortgage is the primary obliga-
tion between the parties, and the note is no more than
the primary evidence of that debt.  The note and mort-
gage are not so closely tied together that a creditor
must sue on both in the same action.  He may bring
an action against the debtor wherever he may be found,
but can only foreclose the mortgage in the jurisdic-
tion where the land lies.  He may obtain a personal
judgment on the note alone without waiving his right
to foreclose on his mortgage.  (*Lichty v. McMartin,* 11
Kan. 565; *Investment Co. v. Law,* 62 Kan. 193.)  The
supreme court of Indiana has held it to be well settled

that a recovery of a judgment on a note is no bar to an action to foreclose the mortgage. (*O'Leary v. Snediker*, 16 Ind. 404; *Jenkinson v. Ewing*, 17 Ind. 505; *Conyers v. Mericles et al.*, 75 Ind. 443.) In Iowa it was held that "the holder of a note secured by a mortgage may take judgment upon the indebtedness at law without thereby waiving or releasing the lien of the mortgage, and may subsequently, if he sees fit, bring his action to foreclose such lien within the life of the judgment thus procured." (*Gilman v. Heitman*, 137 Iowa, 336; 347.)

The giving of a new note for the one that was secured by the mortgage does not take the debt out of the security unless that was the intention of the parties, and this is upon the theory that the thing secured is the debt rather than the evidence of the debt. In *Priest et al. v. Wheelock*, 58 Ill. 114, where the effect of taking judgment upon a note was considered, it was said that "that instrument was given to secure the debt, and it was immaterial what form it assumed, whether an account, note, or judgment. The substance, and not the mere form, is regarded in equity, and hence the pledge was to secure payment of the money, and not a mere extinguishment of the note by the debt assuming another form. Because the judgment extinguished the note, it does not follow that the mortgage was discharged, or the lien it created on the premises was extinguished. The lien of the mortgage on the lot still continued, to secure the payment of the debt then evidenced by the judgment." (Page 116.) In section 936 of volume 1 of the sixth edition of Jones on Mortgages there is a statement of the general rule, well supported by authorities, that "the merger of the note in a judgment does not extinguish the debt, and the mortgage continues a lien until it is satisfied or the judgment is barred by the statute of limitations." (See, also, *Riley's Adm'r v. McCord's Adm'r*, 24 Mo. 265; *Macomb Sewer-pipe Co. v. Hanley*, 61 Minn. 350;

*Torrey v. Cook,* 116 Mass. 163; *Cissna and Others v. Haines and Others,* 18 Ind. 496; *Kempner and Blum v. Comer, Fairris & Dial,* 73 Tex. 196; *Denistoun v. Payne,* 7 La. Ann. 333; 23 Cyc. 1195; 20 A. & E. Encycl. of L. 959; Wiltsie, Mort. Forecl. § 328.)

Coming to the question of pleading, it is contended by the defendant company that the note upon which the plaintiff relied had ceased to exist as an evidence of indebtedness and did not furnish a basis of recovery. The note, being merged in the judgment, was no longer an evidence of the debt, and therefore it could not be used as a ground of action. Thereafter the judgment was the only evidence of the debt secured by the mortgage, and if the plaintiff had no other foundation for this action than the original note he would necessarily fail. In his petition he pleaded the note and mortgage, without mentioning the fact that the note had been reduced to judgment. In the answer of the company, however, the judgment was set out, and in his reply the plaintiff referred to this judgment and expressly averred that it had been sold and assigned to him. On the allegation that the judgment came to him by assignment testimony appears to have been taken, as there is a specific finding of the referee that the receiver of the loan company not only sold and transferred the note and mortgage to the plaintiff but at about the same time the judgment based on the note was assigned to him. In this way the judgment was brought in issue. It is true that the plaintiff made other allegations inconsistent with the existence and transfer of the judgment, where he alleged that the act creating the city court was invalid and also that the judgment had been set aside in that court. Notwithstanding these inconsistent theories of the plaintiff the debt in the form of the judgment was brought into the pleadings and was considered by the trial court, and on these averments and the evidence under them the rendition as well as the assignment and transfer of the

.judgment were found as facts by the trial court. / On these facts and the authorities cited the plaintiff is entitled to recover the debt evidenced by the judgment and to a foreclosure of the mortgage given to secure the debt. The lien of that mortgage is prior and paramount to that of the Cable Company, which, as we have seen, was taken subject to the plaintiff's mortgage.

The judgment of the district court is therefore reversed and the cause remanded, with directions to render judgment in accordance with the views herein expressed.