J. W. SNYDER, *Appellee*, v. A. C. WHEELER, *Appellant*.

No. 16,256.

SYLLABUS BY THE COURT.

1. PLEADINGS—*Demurrer—Departure—Immaterial Error*. The pleadings are examined, and it is held that the new matter in the reply was not demurrable on the ground that it did not. state a cause of action, and that it should not be considered a departure in pleading; but, if it were so considered, the substantial rights of the defendant were not affected thereby.

2. CONTRACTS — *Cancellation — Findings and Evidence — Judgment*. The findings and evidence are reviewed and are held sufficient to support the judgment.

Appeal from Butler district court; GRANVILLE P. AIKMAN, judge. Opinion filed January 8, 1910. Affirmed.

### STATEMENT.

THIS action was to quiet title and to cancel a contract purporting to have been made by the plaintiff's agent with the defendant for the exchange of the plaintiff's land in Butler county for land in Gray county, on the ground that the execution thereof was not authorized; also, to cancel a deed purporting to convey the land, on the grounds that it had not been delivered and was without consideration. The answer averred the due execution of the contract and its subsequent ratification; the performance of the agreement by the defendant; the delivery of the deed by the plaintiff; and prayed for judgment for possession. The reply contained a general denial, and pleaded that after the alleged agreement the defendant and the owners of the Gray county land had encumbered it by granting a telephone right of way upon it, and had leased the land. It also contained an averment that the defendant had no title to the property.

The contract was dated March 6, 1907. It provided that the defendant should assign to the plaintiff school-land certificates held by him on several tracts of the Gray county land, convey the other tracts (to which patents had been issued by the United States) by warranty deed, and furnish abstracts of title; that the plaintiff should in like manner convey the Butler county land to the defendant and furnish an abstract of title; that the defendant should assume a mortgage of $8000 on the Butler county land, and the plaintiff should assume a mortgage of $1900 on the Gray county patented land and pay the amount to become due to the state, not exceeding $800, on the school land; that the deeds and abstracts should be deposited in a bank at Garden City, each party to examine the abstract of the other by March 25; and that requirements as to the title should be in writing and each party should have a reasonable time to comply therewith, so as to make his abstract show a merchantable title.

The findings of the court were, in substance, that the plaintiff had not authorized the execution of the contract of exchange but had ratified it; that the defendant had assigned the school-land certificates to the plaintiff and deposited them, with a deed of the patented land, executed by his wife (and himself, as husband,) and T. A. Edgerton; that the certificates and deed and an abstract of title were deposited in the bank; that the plaintiff also deposited his deed and abstract, as provided in the agreement; that the defendant had no title to the patented land in Gray county, and the title of his wife and T. A. Edgerton, grantors, was not merchantable, and the abstract did not show a merchantable title thereto; that the defendant failed to keep his appointments with the plaintiff and his attorney for the purpose of discussing the title to the land last mentioned and submitting requirements as to such title in accordance with the contract; that by reason of such failure and other acts of the defendant the plaintiff was prevented from having a fair and reasonable opportunity to make such requirements, and that the defendant had thereby waived the right to have such requirements submitted in writing; that after so depositing the papers in the bank the defendant exercised ownership over the Gray county land by a grant to a telephone company of the right to construct and maintain a line of telephone and telegraph upon it, with the right to attach the wires of other companies, to trim the trees along the line, to erect and set necessary guy and brace poles and anchors and to attach thereto and to trees necessary guy wires, the poles in the line to be set in the highway; that a telephone line had been erected accordingly; that the bank had delivered the plaintiff's deed of the Butler county land to the defendant, but had no authority to do so; and that the defendant does not offer to perfect the title to the Gray county land, or procure the cancellation of the telephone right or show that he is able to do so, or to have the land conveyed by a good title.

The evidence also shows that an agreement with the tenant was made in May, 1907, authorizing him to put in crops, and, if possession was required before maturity of the crops, the defendant was to pay for the time in caring for them, the owner's share to remain on the place. The evidence also is that when the defendant, as stated in the findings, failed to keep his appointment on or about March 23, 1907, to meet the plaintiff, and was informed by the plaintiff's attorney that the trade could not be made, he said that it would make no difference to him whether the trade went through or not, and that he afterward made the agreements with the tenant and with the telephone company.

After receiving the deed to the Butler county land from the bank the defendant returned it, upon the request of the bank. The evidence is conflicting as to the instructions given to the bank when the contract was deposited, but the plaintiff's testimony was that the deeds were not to be delivered until the deal was completed and both parties were satisfied.

The Atchison, Topeka & Santa Fe Railway Company owns a strip 100 feet wide over the Gray county land, and a school district owns a schoolhouse site reserved out of it, to which strip and site the grantors in the deed deposited for the plaintiff had no title. There is also a public highway upon it. The abstract showed a mortgage on the Gray county land of $2860, instead of $1900, as stated in the contract. These are the defects alleged to exist in the title at the time the plaintiff abandoned the contract, but the existence of this right of way, school site and highway was known to the plaintiff before he ratified the contract of exchange.

The judgment was for the plaintiff.

*William Easton Hutchison,* and *C. E. Vance,* for the appellant.

*Albert Hoskinson, George J. Benson,* and *T. A. Kramer,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: The defendant contends that there was a departure in the reply; that the allegations concerning the telephone right and the rental of the premises, if pleaded at all, should have been set out in a supplemental petition, and can not be considered as grounds of relief; that this was an action to cancel a contract because the alleged agent who signed it was not authorized to do so, and the plaintiff could not set up other grounds in his reply. It is true that the plaintiff in his petition relied upon the fact that he had not authorized the execution of the agreement. To this the defendant pleaded an avoidance, viz., that the contract was ratified by the plaintiff after its execution by such agent and had been fully performed by the defendant. The defendant based a counterclaim upon the contract so ratified, alleged that he had received the deed, and prayed for possession. To this the plaintiff replied by a denial, and by pleading acts of ownership by the defendant over the Gray county land by agreements inconsistent with his counterclaim, whereby the land had become encumbered. These agreements related to the telephone rights and the tenancy, and were entered into by the defendant after he had been informed that the plaintiff considered that he was no longer bound by the agreement and after the petition had been filed. They did not give the plaintiff new causes of action, but were pleaded as defenses to, or in avoidance of, the claim that the contract was in force. They were not inconsistent with the plaintiff's cause of action. There was no motion to strike this new matter from the reply. The defendant demurred to it on the ground that it did not state a cause of action. It could not be claimed that it did. It was defensive, and the demurrer was properly overruled. (Civ. Code, § 102; Gen. Stat. 1901, § 4536.) All necessary facts were pleaded, and the case was fully tried upon the merits and without confusion, and if it

should be conceded that there was a departure in the reply, as claimed, still the substantial rights of the defendant were not affected. (*Rossiter v. Merriman*, 80 Kan. 739.)

Another contention of the defendant is that the finding of the absence of title or defective title to the Gray county land is not supported by the evidence; that, the existence of outstanding titles to the right of way and school site and the highway upon the land being known to the plaintiff, they are not defects or encumbrances of which he can complain, and that the existence of a mortgage greater than the amount named is unavailing because the plaintiff was to pay $1750 in the exchange, and might have deducted the excess out of this payment. Conceding this to be the correct view, it does not follow, as a matter of course, that the contract should be enforced and the defendant given possession of the Butler county land. (*Fowler v. Marshall*, 29 Kan. 665.) The court found, upon conflicting evidence, that after the contract had been ratified and deposited in the bank, some questions having arisen about the title, the parties agreed to meet and consider the matter. The defendant twice neglected to keep appointments for this purpose, and, when he learned that the plaintiff had given up the contract and departed for his home, the defendant stated that it made no difference to him whether the trade was made or not. Following this declaration and in harmony with it were the acts of the defendant in returning the deed to the bank, granting the telephone privileges, and arranging with the tenant to carry on the farm. It is said that the telephone agreement conferred no right that the telephone company did not already have, since it might use the highway without the consent of the owner. But this agreement also gave the right to trim the trees, and to attach wires thereto, whether on the highway or not does not appear; it also gave the right to erect and set brace poles and anchors and attach guy wires thereto. It may be necessary that

33—81 KAN.

these fixtures be placed outside of the highway, and, if so, they would encumber the land. Whether the telephone contract should be considered as a material encumbrance or not, its execution evinced a purpose by the defendant to treat the land as his own, and he dealt with it accordingly. This is inconsistent with his claim that the contract of exchange was in force, and is some evidence that he considered it rescinded. The evidence, construed, as it must be, in the light most favorable to the plaintiff, supports the findings, and it can not be held that the findings do not warrant the conclusions.

The judgment is affirmed.