No. 20,342.

PERRY HAYES and W. C. HAYES, Partners, doing business as HAYES BROTHERS, *Appellants,* v. B. P. WAGGENER et al., *Appellees.*

SYLLABUS BY THE COURT.

1. REDEMPTION LAW—*Land Sold on Foreclosure Judgment on Cross-petition*—*"Defendant Owner"*—*Statute Construed.* The words "defendant owner" in sections 476 and 492 of the code, which provide that the defendant owner shall be entitled to the possession of real estate sold under execution, until the expiration of the redemption period, and may assign his rights to another, are broad enough to include an owner of real estate which is sold under a foreclosure judgment rendered on a cross-petition in a suit in which such owner was the plaintiff and the mortgagee was the defendant.

2. SAME—*Attorney Purchaser of Client's Real Estate—Who May Not Complain.* Third persons whose rights are not affected thereby can not complain of the action of an attorney who becomes the purchaser of his client's real estate at a judicial sale.

3. SAME—*Defendant Owner's Right to Possession—Not Affected by Contract Between Certificate Holder and His Assignee.* A defendant owner's right to the possession of real estate sold under execution or order of sale during the redemption period is not affected by a contract between the holder of the certificate of sale and his assignee which purports to grant to such assignee the right to possession before the expiration of the redemption period.

Appeal from Atchison district court; WILLIAM A. JACKSON, judge. Opinion filed October 7, 1916. Affirmed.

*P. Hayes,* of Atchison, and *James A. Troutman,* of Topeka, for the appellants.

*T. A. Moxcey,* of Atchison, for appellee B. P. Waggener.

The opinion of the court was delivered by

PORTER, J.:  This was an action to quiet title to the west twenty-three feet of the east one hundred two and one-half feet of lots one and two in block forty-six, old Atchison, Atchison county- (referred to in the pleadings as tract No. 1), and also the west forty-five and one-half feet of lots three and four in block forty-six (referred to in the pleadings as tract No. 2). B. P. Waggener, the defendant, in answer to the third amended petition, disclaimed any right, title or estate in that part of the property referred to as tract No. 1, and the only controversy remaining is over tract No. 2.  The trial court sustained the defendant's motion for judgment on the pleadings, and this is the judgment we are asked to review.

There is no dispute over the facts.  Martha Mangan, the former owner of the property, was insane and her guardian secured a loan of $1000 from plaintiffs through an order of the probate court and gave a mortgage upon a part of the property to secure payment.  The guardian defaulted in the payments on the note and failed to pay the taxes.  Subsequently a suit was brought by the guardian to set aside the mortgage.  In that suit Perry Hayes and W. C. Hayes came back with a cross-petition and asked to foreclose their mortgage and for judgment for taxes paid.  They prevailed in their cross-petition, and recovered judgment for $2753.11, which was made a first lien on the property which was ordered sold to satisfy the judgment.  A tax deed which Perry Hayes had acquired was held void, but he was given a lien for the taxes, interest and costs, all of which merged in the judgment.  Subsequently the property was sold under order of sale and purchased by one William Schaap for $7300.  The sale was confirmed and certificate issued to Schaap, all the proceedings reciting that the sale was subject to the owner's right of redemption, which would expire eighteen months after the sale.  Subsequently the probate court made an order directing the guardian of Martha Mangan to sell her right or equity of redemption, and her equity was purchased by James S. Gibson for $450.  The certificate of sale to Schaap is dated June 16, 1910.  The petition alleges that on the 21st day of July, 1910, Schaap sold and conveyed a portion of both of these tracts to Perry Hayes and W.

C. Hayes for $6800, which sum they paid to him, and that he executed to them a deed for the property. The petition also alleges that at the same time Schaap placed the grantees therein named in possession of the premises, and that the plaintiffs have ever since been and now are in the open, notorious, actual and physical possession thereof under and by virtue of such deed. It may be mentioned here that the statute (Civ. Code, § 476) provides that the defendant owner shall be entitled to the possession of the property during the period of redemption. The petition alleges that on the 31st day of December, 1913, the sheriff executed and delivered to the plaintiffs a sheriff's deed based upon the decree and the proceedings in the foreclosure case, which it is alleged perfected their title to tract No. 1, but did not include tract No. 2.

The petition further alleges that B. P. Waggener was the attorney for the guardian of the insane person, and that he purchased the property at the sheriff's sale in the name of William Schaap and furnished the $7300 purchase money; and that subsequently he purchased the equity of redemption of his client through James S. Gibson, who acted for him. The petition alleges that because of Mr. Waggener's relation to Mrs. Mangan, as her attorney, he was disqualified by law from attempting to purchase the property of his client, directly or indirectly, and the plaintiffs contend that whatever title to the property Waggener acquired inured by operation of law to the benefit of plaintiffs because of their deed from the sheriff. Mr. Waggener admits in his answer that he purchased the property; that Schaap and Gibson both acted as his agents: and that he furnished the money for which the property sold and also the $450 paid for the right of redemption of his client. So far as the record discloses, it may be said that his action in this respect appears to have been for the best interest of his client. Some one was obliged to furnish money with which to purchase the property to protect her interests. It appears that no one on behalf of his client has ever objected to what he did, and plaintiffs are not in position to take any advantage of the fact that while acting as her attorney he purchased the property.

One of the principal contentions made by plaintiffs is that because the mortgage was foreclosed in an action in which the

mortgagor, the insane person, was plaintiff and not defendant, the statute gave her no equity of redemption or right that could be sold by the order of the probate court. This is based on an unreasonable construction of the language of section 476 of the code, which provides that "the defendant owner may redeem any real property sold under execution," etc., and on the words "defendant owner" in section 492 of the code, which provides that "the rights of the defendant owner in relation to redemption may be assigned or transferred, and the purchaser or assignee thereof shall have the same right of redemption as the defendant owner." Mrs. Mangan was the defendant in the cross-petition filed by Perry Hayes and W. C. Hayes, and her rights were protected to the same extent as though the mortgage had been foreclosed in an original action brought by the mortgagee against her as defendant.

In the present suit the plaintiffs appear to rely for a foundation on causes of action which were finally merged and extinguished in the judgment entered in their favor in the foreclosure case. All the claims they had against the real estate by virtue of the mortgage, interest and costs, as well as all claims against the property by reason of their tax deed, were merged in that judgment, and they received and receipted to the clerk for the amount of their judgment and costs out of the $7300 paid into the hands of the clerk by William Schaap, who acted for Mr. Waggener. All their causes of action were merged in the final judgment and thereby extinguished. (*Price v. Bank,* 62 Kan. 735, 64 Pac. 637, 84 Am. St. Rep. 419.) Of course, William Schaap as purchaser at the sheriff's sale and as holder of the sheriff's certificate could make no contract to place the plaintiffs in possession of the premises or give them any rights of possession which would in any manner affect the owner's right of redemption. Plaintiffs purchased with full notice of the decree to which they were a party; and whatever possession they may have obtained by virtue of the deed did not afford a basis for a subsequent action to quiet title. All the deed from Schaap conveyed was an assignment of his interest as purchaser at the sheriff's sale, and the deed expressly recited that the property was subject to redemption. Besides, the statute as well as the orders of the court in the proceedings preserved the owner's right of redemption. The

question of the propriety of Mr. Waggener's conduct in purchasing the property of his client at the judicial sale was one that could arise only between himself and his client. The plaintiffs accepted and received the amount of their judgment, interest and costs out of the proceeds paid by him into the hands of the clerk, and are now estopped from claiming that the sale was void. The only interest they had in the sale was the satisfaction of their own judgment. The pleadings admit that their judgment was satisfied. As stated, subsequent to their acceptance of the amount of their judgment they took what amounted to nothing more than an assignment by Schaap of his certificate of sale, in which it was recited that his right, title and interest in the property was sold subject to redemption.

Under the admitted facts in the case the ruling of the trial court in rendering judgment in favor of the defendants was proper. There was no occasion for a jury as the law entitled defendant to judgment on the admitted facts. Besides, it was purely an equity case triable only by the court.

The judgment is affirmed.