No. 21,088.

THE CITY OF TOPEKA, *Appellant,* v. JOHN RITCHIE and THE FIDELITY & DEPOSIT COMPANY, *Appellees.*

No. 21,615.

THE CITY OF TOPEKA, *Appellee,* v. JOHN RITCHIE and THE FIDELITY & DEPOSIT COMPANY, *Appellants.*

### SYLLABUS BY THE COURT.

1. MOOT CASE—*Not Decided.* Case No. 21,088 having become moot is not decided, and the appeal is dismissed.

2. SEWER CONTRACT—*Indemnity Bond—Judgment against Contractor— Prima Facie Evidence of Surety's Liability.* A surety company gave a bond to save the city of Topeka harmless from "all liens, charges,

costs and damages of every kind or nature whatsoever. . . ." ·
arising out of a sewer contract. The city recovered a judgment
against the contractor for overpayments made by reason of the fraud-
ulent measurements by an engineer, and brought this action against
the contractor and the bonding company, more than three years hav-
ing elapsed since such overpayments, but the judgment had been kept
alive. The surety was not made a party to the action in which the
judgment was rendered. *Held*, that the judgment constitutes a cause
of action against the contractor, and is *prima facie* evidence of the
surety company's indebtednéss on account of the overpayments, the
contractor being execution proof.

3. SAME—*Action on Judgment—Statute of Limitations.* While the stat-
ute of limitations as to the contractor had run on the overpayments
as a cause of action, an action on the judgment was not barred as to
such contractor.

4. SAME—*Action on Surety Bond—Statute of Limitations.* When the
overpayments were made, the cause of action to recover them back
accrued in favor of the city against the principal and surety, and an
action against the latter on its bond by reason of such overpayments
became barred in five years.

5. SAME — *Petition — Statute of Limitations.* Each count of the fifth
amended petition states a cause of action in respect to all items con-
tained therein which did not accrue more than five years before the
beginning of this action, and the order overruling the demurrer was
proper.

6. SURETY COMPANY—*Right to Benefit of Statute of Limitations.* The
defendant surety company was not, when this action was begun, an
absent corporation within the purview of section 20 of the civil code.

7. SEWER CONTRACT—*Action to Recover Costs and Expenses—Statute of
Limitations—Liability of Surety Company.* While ordinarily the costs ·
form a part of a judgment, in this case those which accrued and were
paid by the city within five years before this action was begun are not
barred as to the surety company, although the overpayments for which
the principal judgment was obtained were barred as to such surety.

Appeal from Shawnee district court, division No. 1; ALSTON
W. DANA, judge. Opinion filed February 9, 1918. Affirmed.
(Former opinion filed December 8, 1917, but not reported.)

*George P..Hayden,* and *Frank Drenning,* both of Topeka, for
the appellant.

*Otis Hungate, T. F. Garver,* and *R. D. Garver,* all of Topeka,
for the appellees.

The opinion of the court was delivered by

WEST, J.: Case No. 21,088 having become moot by reason of subsequent pleadings requires no consideration, and the appeal is dismissed.

Case No. 21,615: The city sued a contractor and the surety on his bond, The Fidelity & Deposit Company, setting up a judgment theretofore recovered against the contractor, Ritchie, December 28, 1912, on account of overpayments made by the city on the contract, also certain costs taxed therein, and another sum alleged to have been disbursed for extraordinary expenditures and attorney's fees incurred in the former suit. By amendments the matters were set out in two counts, the first setting up the judgment and the second the costs and expenditures. A demurrer to the petition thus amended was filed on the grounds that several causes of action were improperly joined, and that neither count stated facts sufficient to constitute a cause of action. This demurrer was overruled, and from that ruling this appeal is taken by both defendants, who contend that the Ritchie judgment did not constitute a cause of action against the surety company; that the extraordinary expenditures and attorneys' fees set up in the second count should have been recovered against Ritchie in the former cause and were not covered by the conditions of the bond; that there was a misjoinder of causes; and that the action is barred by the statute of limitations. *Ritchie v. City of Topeka,* 91 Kan. 615, 138 Pac. 618, and *City of Topeka v. Brooks,* 99 Kan. 643, 164 Pac. 285, furnish the history of the transactions leading up to the beginning of this action.

The bond contained this obligation:

"Now, therefore, if the said Hanley & Ritchie shall honestly and faithfully discharge, perform and fulfill all and singular the obligations of said contract and specifications, bound herewith, and shall save and hold harmless the said city from all liens, charges, costs, and damages of every kind or nature, whatsoever, then the above obligation to be void, otherwise to be of full force and virtue in law."

The comprehensive significance of this language is such that all the claims set forth in the amended petition before us are safely immured therein beyond the power of fugacity.

The effect of the judgment on the surety company presents a question about which courts differ, some holding that it has

no effect, others that it is conclusive, and others still that it is *prima facie* evidence of liability. The bond was to make good any loss or damage arising from the Ritchie contract, and the judgment against him was the deliberate conclusion of a court of competent jurisdiction that he had failed in the amount thereof in meeting his obligations to the city. It would seem unfair to hold the surety company bound by the result of an action to which it was not a party, but it would seem in line with common sense to hold that, as all judicial proceedings are presumed to be regular, it will be presumed that the court did not make a mistake in rendering this judgment, but as against the surety company it is to be deemed correct unless something marring its fairness on its face is brought up by way of proof. It has been held that a judgment of amercement against a sheriff is *prima facie* conclusive against the sureties. (*Fay v. Edmiston*, 25 Kan. 439; see same case, 28 Kan. 105.) A judgment against the principals on a note has been held *prima facie* evidence of liability against the sureties. (*Park v. Ensign*, 66 Kan. 50, 71 Pac. 230.) The analogy of these decisions is strong in support of the contention that this judgment is *prima facie* binding on the surety company. A well-reasoned opinion may be found in *Stephens v. Shafer and another, imp.*, 48 Wis. 54.

Whatever may have been the origin of the doctrine of merger, it is fully settled that a judgment absorbs the debt for which it was rendered, the latter being deemed merged in the former. (15 R. C. L., p. 782, § 236.) This rule is thoroughly established in this state.

"All causes of action upon which suit is brought and judgment obtained are merged in the final judgment and are thereby extinguished, and can not be made the foundation of a subsequent action or judgment." (*Price v. Bank*, 62 Kan. 735, syl. ¶ 1, 64 Pac. 637.)

(See, also, *Rossiter v. Merriman*, 80 Kan. 739, 104 Pac. 858; *Hayes Bros. v. Waggener*, 98 Kan. 740, 743, 161 Pac. 584.)

The fifth amended petition alleges that an action against Ritchie was begun December 18, 1907, and judgment in another action brought by Ritchie against the city was rendered December 28, 1912, modified by this court February 18, 1914, and execution issued on or about the —— day of June, 1914. The present action was begun September 8, 1914. Although

this judgment was based on alleged overpayments about February 1, 1906, it is of itself a distinct cause of action as to Ritchie. (15 R. C. L., p. 898, § 377; *Burnes v. Simpson,* 9 Kan. 658; *Mawhinney v. Doane,* 40 Kan. 676, 17 Pac. 44.) The five-year statute would run if the judgment were not kept alive by execution .prior to the expiration of the sixth year from its rendition. (*Angell v. Martin,* 24 Kan. 334, 336; *Baker v. Hummer,* 31 Kan. 325, 2 Pac. 808; *The State v. Kansas Ins. Co.,* 32 Kan. 649, 654, 5 Pac. 190.) The action against the surety is really on its bond to require it to make good the amount of the Ritchie judgment for overpayments which occurred on or before February 1, 1906. The contract of the bonding company was for indemnity, to save the city harmless from loss. It was not to save from liability but from actual loss. The cause of action against the principal accrued when such overpayments were made and was not delayed until the discovery of the fraud which caused them. (*Jones v. School District,* 26 Kan. 490; *Ryus v. Gruble,* 31 Kan. 767, 3 Pac. 518.) The law makes a clear distinction between a simple contract of indemnity against liability and one against loss.

"In the former case only does the common law rule that there is no cause of action until there is actual damage apply. In the latter case it has very generally been held that an action may be brought and a recovery had, as soon as the liability is legally imposed. . . . And generally, if the indemnity is against payment of money, the plaintiff must prove actual payment, or that which the law considers equivalent to actual payment, a mere legal liability to pay not being sufficient." (14 R. C. L., p. 55, § 13.)

"Where the condition of a ⸵bond . . . is to indemnify . . . against loss or damage, the cause of action accrues and the statute begins to run when and only when the loss or damage occurs, not when the act is done which causes the damage. . . . But as a general rule where the contract is to indemnify against loss or damage arising from the payment of money, the cause of action begins to run from the time when the indemnitee pays the money, not from the time when he becomes liable to pay it." (25 Cyc. 1093.)

The authorities in support of this rule are almost numberless and are so unanimous that a mere citation of a score or more would be of little assistance. Whenever one person may sue another a cause of action has accrued and the statute begins to run. (*McDaniel v. City of Cherryvale,* 91 Kan. 40, 43,

136 Pac. 899; 25 Cyc. 1066.)   In this case the loss occurred when the overpayments were made, and on February 1, 1906, the city could have sued the contractor to recover such over-payments, and also the bonding company for the reason that actual loss had occurred; money had been paid out, the loss had arisen out of the sewer contract—a specific loss, not a mere liability—covered by the condition of the bond.   Had the liability been merely upon the overpayments the statute would have run in three years, but as the liability of the company was on the bond by reason of such overpayments the statute ran in five years, which would be February 6, 1911, and this action was not begun until September 8, 1914.   There is nothing in the bond, the statute, or the decisions, that suspends the running of the statute of limitations until the discovery of the wrongful overpayment, the reduction of the claim to judgment, or the ascertainment of the inability of a principal to pay.

The first cause of action so far as it consists of the judgment is barred as to the surety company.   The items of court costs incurred in the litigation arising out of the overpayments, which costs were paid by the city within the five years' period, are not barred.   It is urged that they are merged in the judgment and therefore affected by the same bar of the statute.   But the allegations are that these costs have been paid by the city because they could not be collected from Ritchie, and to extend the bar so as to include them would be going beyond the spirit, if not the letter, of the law, for while overpayments which were merged in the judgment were barred as to the surety company, there is no magic or logic by which the costs incurred in obtaining such judgment and paid within the statutory period can fairly be said to have become barred prior to the date of their payment.   By the other side it is contended that the surety company being a foreign corporation cannot invoke the statute of limitations.   But section 20 of the civil code excepts the company from the class of absent corporations and puts it in the category of parties against whom the statute of limitations may run.

As that part of the first cause of action setting up the costs in question stated a cause of action as to both defendants, it was not error to overrule the demurrer to the first count.

The second count sets up large expenditures for taking depositions and employing engineers for remeasuring the work' and in defending other causes in district and federal courts, all growing out of the default and opposition of the contractor. No reason is apparent why these claims should not, if proved, be recovered. All items set up in the second count which did not accrue more than five years before this action was begun are properly pleaded, and the order overruling the demurrer to the second cause of action is affirmed.

As the first count, aside from the Ritchie judgment, states a cause of action against both defendants, the fifth amended petition is not demurrable for misjoinder of causes.

The rulings of the trial court are affirmed, and the cause remanded for further proceedings.

JOHNSTON, C. J., and MARSHALL, J., dissent as to the fourth proposition of the syllabus and corresponding part of the opinion.