Westcott v. Whiteside.

---

EVERETT WESTCOTT, *as Administrator*, v. H. WHITESIDE AND H. W. GLEASON, *as Copartners*.

No. 12,162.  (64 Pac. 1032.)

SYLLABUS BY THE COURT.

1. NOTE AND MORTGAGE—*Declaration of Election*.  A declaration that a debt is due and an election to treat it as due of a particular date are not for the purposes of the pending action only but for all purposes.

2. —————— *Limitation of Action*.  Where a mortgage provides that upon default in the payment of interest or taxes the whole sum secured thereby shall, at the option of the legal holder, become due and payable, the statute of limitations begins to run at the time stated in the declaration of election.

Error from Reno district court; F. L. MARTIN, judge.  Opinion filed May 11, 1901.  Division one.  Affirmed.

4—63 KAN.

*John W. Roberts, James Lawrence,* and *Levi Ferguson,* for plaintiff in error.

*H. Whiteside,* and *H. W. Gleason,* for themselves.

*Per Curiam:* Many questions are presented in this case and ably argued on each side by counsel, but in the view we have taken only one proposition calls for consideration in this court.

A mortgage on lands in Reno county was executed about March 1, 1887. It secured a bond with interest coupons attached, maturing on the 1st days of September and March in each year. The mortgage by its terms provided that upon default in the payment of interest or taxes the whole sum secured by the mortgage should, at the option of the legal holder, at once become due and payable, without notice, and that thereafter the principal and interest should draw interest at the rate of twelve per cent. per annum. The stipulated rate of interest before maturity was seven per cent. No interest was ever paid on the mortgage, and the taxes accruing against the land subsequently to the execution of the mortgage remained wholly unpaid.

By due assignment, Thomas A. Westcott became the legal owner of the mortgage and debt thereby secured, and on August 12, 1890, he brought suit for foreclosure, and in his petition elected to declare the whole mortgage debt due as of November 1, 1888, and claimed interest at twelve per cent. per annum from and after that date. The plaintiff in that action died March 1, 1893, and his administrator was appointed on the 16th day of the same month. The action thus commenced continued pending until October 13, 1893, when it was dismissed for reasons not appearing in

the record. No effort was at any time made to revive the action in the name of the administrator of the deceased plaintiff, nor was any motion ever made to reinstate the action, although it would seem to have been improvidently dismissed.

On the 20th day of May, 1895, this action was commenced by the administrator of the estate of Thomas A. Westcott to foreclose the mortgage, and in his petition plaintiff alleged that the former action abated by the death of his intestate. The defendants, who claim an interest in the land, pleaded the statute of limitations as to the entire debt and mortgage, and the court below sustained their plea. Counsel for plaintiff in error contend that in the former action the plaintiff must be deemed to have elected to declare the debt due as of the date that that action was commenced, and not at the time it was in the petition in that case declared to have become due; that the election pleaded in that case was for the purpose of that action only, and may not be considered as binding in another. We are not cited to any authorities which support the position of plaintiff. A declaration that a debt is due and an election to treat it as due of a particular date, in an action brought upon it, is not for purpose of foreclosure in that case merely, but for all purposes. ( *Wheeler & Wilson Manuf'g Co. v. Howard*, 28 Fed. 741; Jones, Mortg. § 1182.)

We do not mean to determine that an election once made is in all cases irrevocable. Probably in cases of mistake or want of proper information, and certainly when a party is misled by false and fraudulent acts or representations of the debtor, one may, upon a proper showing, be relieved from the effects of an election which ought not to have been made. Here no showing is made or attempted that in the original action

the election actually made was not intended or justified under the conditions then existing.

It follows that at the time this action was brought the statute of limitations had run against the plaintiff's cause of action, and the judgment of the court below will be affirmed.

Doster, C. J., Smith, Ellis, Pollock, JJ.