No. 25,504.

THE WAMEGO STATE BANK, *Appellant*, v. DR. E. SESLER, *Appellee*.

SYLLABUS BY THE COURT.

JUDGMENT—*Jurisdiction*—*Appearance*. The proceedings considered, and *held*, the defendant, against whom personal judgment was rendered by default after service by publication only, made no appearance in the action, and consequently the judgment was void for want of jurisdiction.

Appeal from Pottawatomie district court; MARTIN A. BENDER, judge. Opinion filed January 10, 1925. Affirmed.

*W. F. Challis*, of Wamego, for the appellant.

*A. E. Crane*, of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The appeal brings up for review a judgment setting aside a personal judgment previously rendered in favor of plaintiff and against defendant.

The bank sued Sesler on a promissory note, attached his homestead, and made service upon him by publication as a nonresident of the state. At the time Sesler and his wife were in California. Mrs. Sesler returned to Kansas, and filed a motion on her own behalf to discharge the attachment. In support of her motion, she filed two affidavits of her husband, made at her request, pertaining solely to the homestead character of the attached property. The motion was sustained, and the attachment was dissolved. Sesler was still in California, no one professed to appear for him, and he was not in fact present during any of the proceedings or represented by anybody. The bank filed a motion for personal judgment against Sesler, and personal judgment was rendered against him by default, for the amount of the note and interest. The journal entry recited that, after hearing the evidence introduced in support of the motion, the court found the defendant had entered a general appearance in the action. Afterwards Sesler moved to set the judgment aside, on the ground it was void for want of jurisdiction. After a hearing the motion was sustained, and the judgment was set aside. At the hearing the attorney who took the default judgment could specify no evidence introduced in support of his motion for personal judgment except the papers in the case, and want of jurisdiction to enter the

personal judgment was established, unless the fact that defendant made the two affidavits referred to, at his wife's request, for her use in her effort to procure dissolution of the attachment, constituted a general appearance.

An examination of the authorities relied on by plaintiff will help to make it clear that Sesler entered no appearance in the action. In the case of *Ames v. Freeman*, 83 Kan. 585, 112 Pac. 160, the defendant, who had been served with void process, went to court on the day of trial and, understanding the nature of the proceeding, denied plaintiff's claim, submitted to examination as a witness by plaintiff, and so participated in what occurred that it was not possible to say he was not appearing generally. In the case of *Woodhouse v. Land & Cattle Co.*, 91 Kan. 823, 139 Pac. 356, a defendant against whom judgment had been rendered procured a stay of execution. The court said he could not apply for and receive benefit of an exercise of the court's general jurisdiction, and then deny submission to such jurisdiction. Plaintiff stresses the word "receive." As the word was used, it meant receive as the result of application for the benefit. In the case of *Manufacturing Co. v. Hayes*, 97 Kan. 740, 156 Pac. 735, it was said that a person who presents himself as a witness in obedience to a subpœna does not thereby enter an appearance as a litigant. Plaintiff argues that, if the person named as defendant should furnish testimony without service of a subpœna, he would thereby enter appearance as a litigant. The argument is unsound as applied to facts of the present case. Sesler did not appear in court, he did not tender evidence to the court, and his affidavits were presented to the court by an intervener, acting in her own behalf, for protection of her own interest. In 4 C. J. at page 1333, it is said that any writing filed with the papers in a case, not going to jurisdiction, which asks or consents to action by the court in the cause, constitutes a general appearance. The context shows that action on the part of the defendant was referred to. In this instance the defendant filed no writing of any kind with the papers of the case.

A personal judgment may not be rendered against a defendant unless he has been personally served with summons, or unless he has entered a general appearance in the cause. In this instance neither condition to validate exercise of jurisdiction existed, and the personal judgment against Sesler was void.

The judgment of the district court is affirmed.