No. 27,475.

FRED B. HOUDEK, *Appellant*, v. F. M. BRICK et al., *Appellees*.

(257 Pac. 753.)

SYLLABUS BY THE COURT.

1. JUDGMENTS—*Merger of Causes—When Principle Applies*. The principle of merger applies only where the identical cause of action has passed into judgment in a litigation between the same parties or their privies and plaintiff has had full and complete opportunity to recover his whole demand on the cause of action.

2. MORTGAGES—*Foreclosure in Another State—Right of Action on Note for Deficiency*. A judgment foreclosing mortgages on lands and chattels in another state where the maker of such mortgages was a nonresident, did not appear, and where no personal judgment was rendered on the notes secured by such mortgages, is not a merger of the note as a cause of action, and a subsequent action brought to recover the balance due upon the note may be maintained in the state of the maker's residence.

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed July 9, 1927. Reversed.

*Frank G. Spurney*, of Belleville, for the appellant.

*Edgar Bennett* and *A. C. Bokelman*, both of Washington, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover a balance due on a promissory note after foreclosure of mortgages on Nebraska land and chattels securing its payment. A demurrer to plaintiff's petition was sustained, and he appeals.

The parties are residents of Kansas. On December 23, 1920, defendants executed their promissory note to the plaintiff for $1,350, payable September 1, 1921, to secure the payment of which they executed a real-estate mortgage on certain lots in Hubbell, Neb., and a chattel mortgage on certain shares of stock in the Frontier Telephone Company of the same place. On September 23, 1921, defendants paid $150 on the note, and the balance due was extended to September 1, 1922. Four years later plaintiff brought suit in Nebraska to foreclosure the mortgages. An order of sale was issued, the property sold and $758.85 realized; $1,011.79 remained due plaintiff on the note. No personal service was had upon the de-

Judgments, 34 C. J. pp. 869 n. 56, 885 n. 52, 887 n. 68, 896 n. 46, 899 n. 77, 900 n. 78, 902 n. 92. 984 n. 36, 1146 n. 1; 15 R. C. L. 789. Mortgages, 27 Cyc. pp. 1758 n. 15, 16, 1792 n. 75.

fendants. Service was by publication and default was entered. Plaintiff then obtained an order of the district court in Nebraska allowing him to withdraw the note on which the clerk of the district court indorsed the amount realized by the sale of the property. The present action was brought to recover the deficiency. The facts were stated in the petition, to which the court sustained the demurrer. The question is whether the note was merged in the decree rendered in the foreclosure action in Nebraska barring further action thereon in this state.

The defendants contend that when plaintiff filed suit upon the note in Nebraska and secured an adjudication or finding that defendants were indebted to the plaintiff, the note was merged in the judgment and therefore could not be made the basis of an action in this state. In support of their contention they cite and rely on *Price v. Bank,* 62 Kan. 735, 64 Pac. 637; *Rossiter v. Merriman,* 80 Kan. 739, 104 Pac. 858, and *City of Topeka v. Richey,* 102 Kan. 384, 170 Pac. 1003. The cases are not applicable and the contention cannot be sustained.

To constitute a merger there must be a valid and subsisting judgment rendered on the cause of action. (*Cackley v. Smith,* 47 Kan. 642, 28 Pac. 617.) In the instant case there was no personal judgment rendered against the defendants in the Nebraska foreclosure proceeding; no judgment on which an action might be maintained in this or any other state. Personal service was not had on the defendants and they made no appearance in the Nebraska case.

"A judgment *in personam* against a nonresident without actual service or voluntary appearance but based on constructive service by publication will not be given force and credit in the courts of another state." (15 Standard Proc., 655.)

The law of merger was quoted from Black on Judgments, section 674, in the Cackley case, as follows:

" 'But in order that the principle of merger may apply, it is necessary that the identical cause of action should have passed into judgment, in a litigation between the same parties or their privies, and that the plaintiff should have had a full and complete opportunity to recover his whole demand. In a case in Arkansas, it was held that a judgment against a steamboat—that being a judgment *in rem* and not enforceable against the property of the owners—if unsatisfied, could not be pleaded as a bar to a subsequent action against the owners of the boat on the same contract. In reaching this conclusion, the court said it was evident that a judgment against the vessel was not even substantially a judgment against the owners, and consequently that the former

recovery relied on was no bar to the present action.' (*Toby v. Brown,* 11 Ark. 308; Freeman Judgm., § 606.)" (p. 645.)

In *Randerson v. McKay,* 77 Okla. 238, 188 Pac. 323, it was said:

"The foreclosure of a mortgage on lands situated in another state, given to secure certain notes, is not a bar to an action brought by the holder of such notes in this state, where the makers of such notes as defendants in the foreclosure action were nonresidents of the state where such foreclosure action was brought, and were not served with personal service, nor appeared in such action, since no personal judgment was rendered against them.

"A judgment, foreclosing a mortgage on lands situated in another state, where the maker of such mortgage was a nonresident of such state and did not appear, and no personal judgment was rendered on the notes secured by said mortgage, is not a merger of the notes as a cause of action, and a subsequent action, brought to recover upon said notes, may be maintained in the state of the maker's residence." ' (Syl. ¶¶ 1, 2. See, also, *Wixom v. Stephens,* 17 Mich. 518; 15 Standard Proc. 654; 19 Standard Proc. 1067; *Blumberg v. Birch,* 37 A. S. R. 67; 27 Cyc. 1758; 15 R. C. L. 789, § 244; *Howard v. Mc-Naught,* 9 Wash. 355, 43 A. S. R. 837.)

The judgment is reversed and the cause remanded with directions to overrule the demurrer.