No. 32,089

THE KAW VALLEY STATE BANK, *Appellee*, v. MYRTLE W. THOMPSON and WILLIAM H. THOMPSON, *Appellants*.

(37 P. 2d 985)

Opinion filed December 8, 1934.

*Edwin A. Austin* and *John M. Williams,* both of Topeka, for the appellants.

*Bennett R. Wheeler, S. M. Brewster, John L. Hunt, Margaret McGurnaghan, Ralph M. Hope* and *John H. Hunt,* all of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was a suit by the Kaw Valley State Bank (formerly the Oakland State Bank) against Myrtle W. Thompson and William H. Thompson, her husband. It arose originally in an action by the bank for the recovery of $1,100 upon a note, and a mortgage to secure the same, executed by Myrtle W. Thompson and William H. Thompson. The note had been executed in favor of the Oakland State Bank, which was consolidated with the Kaw Valley State Bank, and the note and mortgage assigned to the latter.

At the trial, after proper service upon defendants, the defendants did not appear or plead, and on the 18th day of June, 1932, plaintiff took judgment upon the note. Before the judgment was taken upon the note, plaintiff's attorneys stated to the court that plaintiff did not desire to foreclose its mortgage at that time and accordingly asked judgment for the amount due upon the note. The journal entry of judgment entered at that time shows plaintiff's action in the following language:

"In open court the plaintiff, by its attorneys, announced that at this time it did not ask for foreclosure of said mortgage, but requested a personal judgment against the defendants."

Execution was issued on the judgment directed to the sheriff of Sheridan county. He levied upon the undivided one-fourth interest in property in that county owned by Myrtle W. Thompson and it was advertised and sold in 1932 to the Kaw Valley State Bank. On the 10th of November, 1932, the sale was confirmed by the district court of Shawnee county, and thereafter the sum of $500 was credited upon plaintiff's judgment.

On the 14th of December, 1932, this action was begun against the

same defendants in the district court of Shawnee county, seeking to foreclose the mortgage. The action was numbered 48,192, and was assigned to Judge Whitcomb for trial. The Thompsons then filed an answer setting up the former personal judgment and pleading that plaintiff's action in the former case operated as a retraxit. Briefs were filed in which the questions of election of remedies, *res judicata,* and splitting causes of action, were raised.

On the 17th of March Judge Whitcomb filed a memorandum opinion in which he found that the plaintiff still had a lien upon the property sought to be foreclosed, even though the personal judgment only was taken in the former action. He suggested, however, that a more proper proceeding would be to file a supplemental petition in the original case, indicating that his mind was not definitely made up in that regard, and that he would like to have the views of the attorneys on that question.

Before the matter could be heard further, Judge Whitcomb died. In view of Judge Whitcomb's suggestion and apparent opinion in regard to this feature of practice, plaintiff filed a supplemental petition in the original number 47,424, and later dismissed the case numbered 48,192. To this supplemental petition the defendants filed a pleading in the nature of an answer and a plea in abatement, setting up the same defense which they had set up in the separate suit brought before Judge Whitcomb, and in addition that plaintiff had no right to file a supplemental petition in the original action. To this pleading a demurrer was filed. The demurrer was heard by the court, Judge Hungate presiding, in which opinion he agreed with the views of Judge Whitcomb with regard to the right of plaintiff to seek foreclosure of its mortgage at that time, and that plaintiff still held a lien on the mortgaged property. He decided, however, that plaintiff could not do so by filing a supplemental petition in the original action; holding that plaintiff was asking for a modification of its judgment which it could not obtain since the term in which it had been rendered had gone by. The demurrer was accordingly overruled; later, plaintiff, by permission of the court, withdrew its supplemental petition from the files.

On the 3d of January, 1934, plaintiff again filed a separate action seeking to foreclose its mortgage. This action was assigned to Judge Hungate. Defendant answered raising the same questions that they had in the other proceedings. Defendants also set out the various actions and proceedings taken by plaintiff and alleged that

such actions were vexatious, greedy, malicious, inequitable, etc., and asked for damages in the sum of $500. A demurrer was filed to the answer by plaintiff. Plaintiff's demurrer was overruled on the second day of June, the court indicating that he was of the same opinion that he had always been with regard to the right of plaintiff to seek foreclosure of its mortgage, but that he would like to hear evidence upon the question raised by defendants with regard to damages. This motion came up for trial before Judge Hungate on June 13, 1934. Burden of proof was placed upon defendants. They introduced in evidence the files in the two former cases and in addition introduced the testimony of Myrtle W. Thompson and William H. Thompson. At the close of defendants' testimony plaintiff demurred and this demurrer was sustained by Judge Hungate. Defendants filed a motion for a new trial, and from the overruling of that motion filed their appeal to this court.

What was the effect of the plaintiff's action in taking merely a personal judgment after it had brought suit upon the note and mortgage? Plaintiff, on the day it took judgment, informed the court that it would not ask for foreclosure at that time, but would ask for a personal judgment upon the note. The entry was: "In open court the plaintiff, by its attorneys, announced that at this time it did not ask for foreclosure of said mortgage, but requested a personal judgment against defendants."

Plaintiff contends that a party may sue upon the note alone and later foreclose the mortgage. It is said that the note was placed in judgment; this changed its form, but the debt itself for which the mortgage was security remained the same in full force.

It has been held that an action upon a note to foreclose a mortgage constitutes but a single cause of action. (*Andrews v. Alcorn,* 13 Kan. 351.) In *Snehoda v. National Bank,* 115 Kan. 836, 224 Pac. 914, it was held that in an ordinary action between litigants an adjudication between them not only determined what they chose to litigate, but everything incidental thereto which could be litigated under the facts which constituted the cause of action. Citing many authorities.

In *Lux v. Columbian Fruit Canning Co.,* 120 Kan. 115, 242 Pac. 656, the pleadings were interpreted and held to present an issue which had been adjudicated, upon an order for berries found to be defective. Another suit was brought because they were not like the samples, that their condition was not discoverable when delivered,

and that they were found to be not fit for human food. The defendant claimed that the question was the character and condition of the berries and was the same question which had been adjudicated. It was held that the new action was in fact on the same issue and had been adjudicated, and the court, citing a number of cases, held that the plaintiff was estopped to litigate further.

In *Fletcher v. Kellogg,* 125 Kan. 330, 263 Pac. 1048, it was ruled: "That a lawsuit between litigants in their ordinary capacity adjudicates between them not only what they choose to litigate, but everything incidental thereto which could be litigated under the facts which constitute the cause of action." (Syl. ¶ 1.)

The case of *McMichael v. Burnett,* 136 Kan. 654, 17 P. 2d 932, followed the Snehoda case, and held that the rule is well established that in litigation between two parties everything is adjudicated between them that might properly have been litigated. In *City of Council Grove v. Kansas Electric Power Co.,* 137 Kan. 109, 19 P. 2d 460, the same rule was again announced.

In the present case the petition involved not only the note, but also the foreclosure of the mortgage when it was filed, and it was still allowed to remain in the petition. It was not dismissed, stricken, or any order made respecting it at the term judgment was rendered on the note. At the time judgment was rendered, the plaintiff announced that they would not ask for judgment on that branch of the case at this time. It was not foreclosed, but the court made no order of record respecting it. They may have been disappointed in the amount recovered on the general execution in Sheridan county, but they chose their course and must abide the result of a final adjudication on the question. It is plain that there is identity of parties, identity of the cause of action, and in the quality of the parties for or against whom the claim is made. If everything incidental to the cause of action—and there was but a single cause—be properly determinable in the first judgment, it, under the authorities, is deemed a final one and subject to the objection of defendants against the relitigation of that issue or any part of it in any subsequent proceeding. Plaintiff has had the benefit of its judgment in Sheridan county. It has accepted and appropriated the amount realized upon that execution, the sale has been confirmed and the result applied on the judgment.

It follows that the judgment must be reversed and the cause remanded with directions to enter judgment for defendants. It is so ordered.

Johnston, C. J. (dissenting): I am unable to concur in the judgment that the plaintiff was not entitled to foreclose the mortgage which he held. It has been the rule in Kansas from the beginning that the note and mortgage may be sued on separately and it may be found unnecessary to foreclose the mortgage. The court has recognized that the suit on the note is one of law to be tried by a jury, but the foreclosure of the mortgage is one in equity and must be foreclosed by the court. Because the mortgage is an incident of the note it has been held that it in fact may be held to constitute a part of the cause of action on the note and the two tried together, and most of the mortgages are so foreclosed. (*Andrews v. Alcorn,* 13 Kan. 351.) In the early case of *Lichty v. McMartin,* 11 Kan. 565, the debt was held to be the primary obligation, and the holder had the right to sue on the note alone in this state. It was said that the action on the note is transitory and the foreclosure in the same action is local, and must be brought in the county and state where the property is situated. The holder has the option whether he will sue on the notes alone or sue on both together. Since that time it has been the practice under our law to sue on them separately, first on the debt and later on the mortgage, and recover on each, if brought within the limitations.

In *Hunt v. Bowman,* 62 Kan. 448, 68 Pac. 747, it was held that the holder of the note might sue on the note alone, obtain judgment and sell the property mortgaged under a general execution. In *Rossiter v. Merriman,* 80 .Kan. 739, 104 Pac. 858, it was decided that the creditor holding the note secured by a mortgage had the right to a judgment on the note alone without releasing the mortgage or waiving his right to foreclose. That when the notes are reduced to judgment the form of the debt is changed, but the merger does not destroy the debt nor extinguish the lien. After the merger the judgment is evidence of the debt secured by the mortgage, and a proceeding to foreclose the mortgage should be founded on the judgment rather than on the original note.

See, also, the annotation in the Rossiter case in 24 L. R. A., n. s., 1095. The doctrine was cited and approved in *Overlander v. Overlander,* 125 Kan. 386, 392, 265 Pac. 46. In the recent case of *Farmers & Bankers Life Ins. Co. v. Brown,* ante, p. 458, 36 P. 2d 960, involving the same doctrine which led the district court to authorize the foreclosure of the mortgage, and holding that it was within the general rule that has prevailed in the state, the proceeding was authorized.

The defendant practically concedes this to be the rule where the court has eliminated the mortgage from the petition. The plaintiff first asked for the foreclosure of the mortgage in the petition. The defendants defaulted and did not plead nor appear in the case. When it came up for trial the plaintiff did state that he did not desire to obtain a judgment of foreclosure, and no evidence was offered necessary to the foreclosure of the mortgage and there was no request for anything more than a recovery of a judgment on the note. The court granted this request and gave judgment on the notes alone. This was the equivalent of a striking of the mortgage from the petition. It was subject to a general execution which was issued and levied on property in Sheridan county which only brought $500 and this was credited on the judgment, and the sale of the Sheridan county property was confirmed. There was no equitable reason to deny confirmation and we see no reason why the mortgage cannot be foreclosed to pay what still remained due on the debt. No fraud was shown in the separation of the note and mortgage, and no inequity to the defendants appears.

I therefore think the rule which has been applied for a lifetime in Kansas is applicable here, and for that reason I am compelled to dissent.

BURCH, J., joins in this dissent.