No. 33,206

THE UNION CENTRAL LIFE INSURANCE COMPANY, *Appellee*, v. THE IRRIGATION LOAN AND TRUST COMPANY and F. W. CASNER, *Appellants*.

(73 P. 2d 72)

Opinion filed November 6, 1937.

F. W. Casner and C. M. Casner, both of Kansas City, Mo., for the appellants.

L. H. Hannen, of Burlington, R. B. Caldwell, H. M. Noble and Lynn Webb, all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is a second action to foreclose a mortgage on real estate where the same parties were involved as in the first case except the holder of title to the land in question, the Irrigation Loan and Trust Company, which was not made a party defendant in the first action.

There were thirteen notes maturing at different times, executed by Mr. Chamberlain and wife in 1920, at which time the mortgage was given to secure them. The mortgage contained an accelerating clause. The Chamberlains conveyed the property to one Frank Brasier, who assumed and agreed to pay the mortgage. Brasier later conveyed the land subject to the mortgage to the defendant, the Irrigation Loan and Trust Company of Kansas. Mr. Chamberlain died in 1926. His wife and family moved to California soon

after his death; Frank Brasier moved to Florida, and none of them were residents of the state of Kansas at the time either of these actions was commenced.

The first action was commenced on January 7, 1930, and no service was had upon any of the defendants except by publication. A corporation by the same name as the defendant corporation was made a defendant in the first case and treated as a nonresident corporation. Judgment was rendered for plaintiff in the usual foreclosure form in the first suit on March 1, 1930. The property was advertised and sold in the usual manner to the plaintiff, mortgagee. Later an action was commenced by this same plaintiff against the defendant, the Irrigation Loan and Trust Company, to quiet the title of the plaintiff, and on appeal of the judgment in that case this court, in *Union Central Life Co. v. Irrigation L. & T. Co.*, 141 Kan. 675, 42 P. 2d 566, held the judgment in the first foreclosure suit against the Irrigation Loan and Trust Company was void.

Thereafter, on December 4, 1935, this second foreclosure action was commenced by the same plaintiff, making the same parties defendant therein, as were in the first foreclosure suit, except naming the defendant, the Irrigation Loan & Trust Company, as a Kansas corporation, and bringing the action on the same thirteen notes, as in the first case, and the same mortgage, although accelerating the maturity of fewer notes in this action—some of the thirteen having matured naturally prior to the date the second action was commenced. Service was had the same as in the first case by publication, except upon the defendant, the Irrigation Loan and Trust Company, a Kansas corporation, upon which personal service was had. No appearance was made in this second foreclosure action by any of the defendants except the Irrigation Loan and Trust Company and F. W. Casner, a resident of Missouri and an officer in the Irrigation Loan and Trust Company, who filed a number of motions and an answer in effect disclaiming any interest.

The defendant, the Irrigation Loan and Trust Company, filed a number of preliminary motions, and later an answer admitting the allegations of the petition as to the execution of the notes and mortgage sued on in this action, and denying the allegation of the petition with reference to the election of the plaintiff at the time of filing this action to accelerate the maturity of the notes not otherwise due, and alleging that the declaration made in the first mortgage foreclosure on January 7, 1930, accelerating the maturity of

such notes, is that by which their maturity· was accelerated and that they have been mature, due and payable since January 7, 1930, and that judgment was rendered on them on March 1, 1930, in the first foreclosure suit and that the statute of limitations has run against such notes and also against the judgment rendered thereon before the filing of this new action on December 4, 1935. Defendant further alleged in its answer in this case that the said notes and mortgage were merged in the judgment rendered thereon and entered, and that there is now no existing cause of action in favor of plaintiff and against defendant upon the notes and mortgage. Defendant alleged that the judgment rendered on March 1, 1930, has never been modified or set aside and no appeal has ever been taken therefrom, that it was at the time of bringing this action, and still is, a valid adjudication binding upon the plaintiff. Defendant further alleged that on May 17, 1930, the said thirteen notes were delivered by the ·plaintiff to the clerk of the court for filing and cancellation and they were filed with the clerk on that day, and on the same day the mortgage was filed with the clerk for cancellation and was marked "foreclosed," which was attested by the register of deeds. Defendant further alleged that there was a misjoinder of causes of action, that each of the thirteen notes should have been a separate cause of action; that they were merged into judgment, and by such merger the judgment became the right of action of plaintiff, if any it had. Defendant further alleged there was a misjoinder of parties and prayed for dismissal and its costs.

A general denial was filed by plaintiff to this answer and that of the defendant Casner. Evidence was introduced. Demurrer to the evidence of plaintiff was overruled. Findings of fact and conclusions of law were made, and after the overruling of objections thereto and a motion for new trial a foreclosure judgment was rendered in favor of plaintiff in said action and against the defendant, finding the amount due on the notes and declaring the same to be a lien against the mortgaged property and directing a sale thereof. From this judgment defendant, the Irrigation Loan and Trust Company, appeals, assigning numerous errors.

The decision in the quiet-title action in *Union Central Life Co. v. Irrigation L. & T. Co.*, supra, held the judgment in the first foreclosure case was void as to the defendant, the Irrigation Loan and Trust Company of Kansas, because it was not a party to that foreclosure action. Whether the judgment was valid or void as to the

other defendants is one of the principal questions involved in this case. The term "judgment" is often applied to orders or findings, and there are judgments in rem and in personam which are distinguished in 33 C. J. 1063. Now since that judgment has been held void as to the defendant corporation—the owner of the equity in the land that was mortgaged—what is left? It was found in the journal entry that there was due and owing the plaintiff from Mrs. Chamberlain and Mr. Brasier upon the notes and mortgage a certain sum, and it was ordered that the plaintiff have and recover of and from them that sum with interest, and it was further ordered and decreed that they have no claim, right, title, interest, lien or right of possession in or to said mortgaged land.

Appellant insists that the decision in the former case was a judgment against Mrs. Chamberlain and Mr. Brasier. The record shows these defendants were served only by publication notice. In fact, none of the defendants in the first foreclosure case were served personally or entered their appearance.

We have in this state two kinds of service, actual and constructive, and there are many limitations and restrictions imposed by statute on the latter which authorize publication service for certain limited purposes. The fourth paragraph of G. S. 1935, 60-2525, is undoubtedly the provision that applies to such service in foreclosure cases. It is as follows:

"In actions which relate to or the subject of which is real or personal property in this state, where any defendant has or claims a lien or interest, actual or contingent, therein, or the relief demanded consists wholly or partly in excluding him from any interest therein, and such defendant is a nonresident of the state or a foreign corporation."

Very often we have foreclosure cases where all or part of the makers of the notes have been served personally and we could there have a judgment in personam as well as one in rem. The appellant cites in this connection, as well as bearing on other points raised in the appeal, the following Kansas decisions:

"All causes of action upon which suit is brought and judgment obtained are merged in the final judgment and are thereby extinguished, and cannot be made the foundation of a subsequent action or judgment." (*Price v. Bank,* 62 Kan. 735, syl. ¶ 1, 64 Pac. 637.)

"A mortgage lien is merged into a decree foreclosing it. After that an action cannot be maintained on the indebtedness secured by the mortgage or for a foreclosure of the mortgage a second time." (*Dumont v. Taylor,* 67 Kan. 727, syl., 74 Pac. 234.)

"When the note is reduced to judgment it becomes merged in the judgment and cannot thereafter be made the foundation of a subsequent cause of action. . . .

"After the merger the judgment is the evidence of the debt secured by the mortgage, and a proceeding to foreclose the mortgage should be founded on the judgment rather than on the original note. . . ." (*Rossiter v. Merriman,* 80 Kan. 739, syl. ¶¶ 2, 3, 104 Pac. 858.)

"Rule followed that when a cause of action has been prosecuted to final judgment all matters pertaining thereto, and which were or properly should have been litigated under the facts constituting such cause of action, are conclusively determined by that judgment and binding upon all parties to the litigation and those in privity with them." (*First Nat'l Bank v. Schruben,* 125 Kan. 417, syl. ¶ 1, 265 Pac. 53.)

". . . the foreclosure might have, and is deemed to have been adjudicated in the action on the note, and that plaintiff could not maintain foreclosure." (*Kaw Valley State Bank v. Thompson,* 140 Kan. 726, syl., 37 P. 2d 985.)

In every one of these cases the judgment was based upon personal service of summons and the judgment was one in personam in addition to its relation to the *res* or property involved in the foreclosure part of the action. Even if personal service had been obtained on one of two or more defendant debtors, personal judgment could not have been taken against the one served only by publication unless he was connected by partnership or some other means with the one personally served.

The first foreclosure case here under consideration was an action in rem and justified service by publication for the purpose of a judgment in rem, and that was all that was attempted to be rendered in that case, as appears from the journal entry in that case introduced in evidence in this case. After stating that the service was by publication on all of the defendants and approving the same, and further stating that all of said defendants failed to appear but made ·default, the court found "that there is due and owing the said plaintiff from the said defendants, Floretta Chamberlain and Frank Brasier, and each of them, upon the note and mortgage sued upon in this action the sum of $7,857.21 with interest thereon. . . . ."
In a later paragraph of the journal entry it is stated:

"And it is, therefore, by the said court considered, ordered, and adjudged, and decreed that the said plaintiff do have and recover of and from the said defendants, Floretta Chamberlain and Frank Brasier, and each of them, the sum of $7,857.21 with interest thereon at the rate of ten percent per annum from this date and costs of this action, against all of the defendants herein, and that the said plaintiff has a valid and subsisting, first and prior lien upon the following-described real estate."

Still later in the journal entry the defendants were barred from all right, title or interest in or to the land described in the mortgage. This is not a personal judgment. It is a finding of the amount due the plaintiff from certain defendants upon the notes set out in the petition and therefore adjudging the right of the plaintiff to recover the amount so found to be due with interest and making it a first lien upon the land described in the mortgage and then barring the defendants from any right, title or interest in the land. There appears to be nothing in the first foreclosure case that made it other than an action in rem, and the judgment rendered was only a judgment in rem. It could have been both in rem and in personam if one or more of the debtors had appeared or been served personally. Without such appearance or service by summons no personal judgment could have been rendered.

In *Reeves v. Pierce*, 64 Kan. 502, 67 Pac. 1108, which was an action to subject certain real estate to the payment of a trust obligation, it was said:

"It is first contended that no jurisdiction was obtained upon which a judgment could be rendered against the defendant below. Reeves was a nonresident of the state and service was obtained by publication only. Because of language in the prayer of the petition, which asked for a judgment against the defendant, it is contended that it must be regarded as an action in personam. The service that was made of course did not warrant a personal judgment, and none was in fact rendered." (p. 504.)

In *Schott v. Linscott*, 80 Kan. 536, 103 Pac. 997, it was said:

"It is elemental law that a personal judgment rendered against a defendant who has not been served with summons and has no notice of the pendency of the action is void." (p. 538.)

The case of *State Bank v. Sesler*, 117 Kan. 383, 232 Pac. 612, was a suit on a note and an attachment of a homestead while the owner was temporarily out of the state and the judgment rendered on the note was set aside, and it was there said:

"A personal judgment may not be rendered against a defendant unless he has been personally served with summons, or unless he has entered a general appearance in the cause." (p. 384.)

In 15 R. C. L. 642 it is said:

"Jurisdiction of the property does not draw after it jurisdiction of the person, and although there has been a seizure of the *res* the court does not thereby acquire jurisdiction of the parties in personam, and where there has been no personal service on the defendant or owner of the property, or appearance by him, the court cannot enter any decree affecting the parties except in reference

to the *res* in its control. Judgments and adjudications in proceedings in rem, therefore, are not necessarily a proper foundation of ulterior proceedings in personam."

In view of such holding it may not be necessary to go further with reference to the force and effect of the judgment rendered in the first foreclosure action, but much is said in the briefs as to the question of merger or use of the notes in a second foreclosure action. From various authorities cited, including Freeman on Judgments, Jones on Mortgages, and Corpus Juris, there appears to be three different methods of procedure in cases of this kind where the first attempt is not effective and does not fully answer the purpose of the plaintiff and where a judgment or partial judgment has been rendered. One is to move to set aside the judgment or partial judgment remaining. Another is to sue on the judgment obtained rather than upon the notes or indebtedness for which the judgment was obtained, and the third is to commence a second action on the notes or original indebtedness.

There was no attempt in this case to set aside the judgment, so we are not concerned with that option or privilege. The authorities seem to maintain very strongly, in line with the claim of the appellant in this case, that if a judgment has been obtained on notes in the first action the second action should be based upon the judgment instead of the notes, holding that the notes were merged in the judgment. But it would require a personal judgment in order to merge the notes, and we have just reached the conclusion in this case that the judgment rendered in the first action was not a personal judgment, and therefore, under the authorities above cited in general as well as those which will be cited hereafter, we conclude there was no merger of the notes in this case.

In the case of *Cackley v. Smith*, 47 Kan. 642, 28 Pac. 617, it was held:

"An action instituted in another state to have certain conveyances set aside and subject the property described therein to the payment of the plaintiff's judgment and the claims of all other creditors who might come and set up their demands, is not a bar to an action brought by one of such creditors in this state upon a promissory note owned by him, notwithstanding the fact that he appeared in the former action, filed a cross petition, and obtained a finding from the court of the amount due him upon his note, but did not obtain a personal judgment against the defendant in that action, nor receive anything from the sale of the property affected by such proceeding. To constitute a merger, there must be a valid and subsisting judgment rendered on the cause of action." (Syl.)

In the case of *Stough v. Lumber Co.,* 70 Kan. 713, 79 Pac. 737, it was held:

"In a second foreclosure brought against the grantee of the mortgagor, not made a party in the first, it devolves upon the plaintiff to prove the existence and validity of the liens sought to be foreclosed, and the findings and judgment in the first proceeding are not competent evidence for that purpose." (Syl. ¶ 3.)

In the case of *Houdek v. Brick,* 124 Kan. 77, 257 Pac. 753, it was held:

"The principle of merger applies only where the identical cause of action has passed into judgment in a litigation between the same parties or their privies and plaintiff has had full and complete opportunity to recover his whole demand on the cause of action." (Syl. ¶ 1.)

The holding in the last case above cited was followed in the case of *Overlander v. Overlander,* 125 Kan. 386, 265 Pac. 46.

The case of *National Bank v. Peters,* 51 Kan. 62, 32 Pac. 637, was one to enforce a debt by attachment upon the property of a nonresident after seizure by attachment and due service by publication. The action proceeded as one in rem, and it was there held that—

". . . The judgment and proceedings in such a case are conclusive upon all who are parties to the action and their privies, so far as the attached property is concerned, which is seized and sold." (Syl.)

The appellant insists that there can be but one acceleration of the maturity of the notes and that the first acceleration being under the declaration of the plaintiff in its first petition filed January 7, 1930, they were all barred by the five-year statute of limitations (G. S. 1935, 60-306) before the commencement of the second action on December 4, 1935, citing *Westcott v. Whiteside,* 63 Kan. 49, 64 Pac. 1932, in support of that rule. Acceleration simply brings the notes not yet due to maturity. The declaration of acceleration in the first action applied to all the notes except the first, which was already due or mature, so under the rule urged by the appellant they all became due on January 7, 1930, but even if they did, the statute of limitations was tolled by virtue of G. S. 1935, 60-309, because both of those who were liable on the notes were absent from the state and as shown by the evidence had been out of the state since about the year 1927. So the statute of limitations cannot apply to any of the notes, whether due on their face or matured by acceleration.

Appellant insists that no action can be maintained upon the thirteen notes and the mortgage because at the close of the first foreclosure action they were delivered by the plaintiff to the clerk of the district court and were in effect canceled, the mortgage being marked by the clerk "foreclosed." The reason for the mortgage being restored to life was by virtue of the activity of the appellant in convincing the court that it was not in fact properly foreclosed, and because it had not been foreclosed a second attempt followed. If it in fact was not foreclosed in the first action, the surrender and marking of it as foreclosed did not end its existence or the purpose for which it was intended. The physical surrender or delivery of the notes to the clerk of the court by the plaintiff did not end their existence or vitality unless their existence as binding obligations was legally ended. Physical disposition of such documents may be used as evidence to show intention or purpose, but it does not in itself end the liability thereunder.

It is argued that each note was a separate cause of action and therefore there was a misjoinder of causes of action in the petition, and that they were all merged into judgment in the first action. This matter of merger has been herein fully considered.

Another matter raised by motion was to require plaintiff to separately state and number the thirteen causes of action, but counsel frankly admits that under G. S. 1935, 60-741, this question is largely in the discretion of the trial court unless that discretion is abused. This motion was overruled, as were also many other motions and two demurrers, one to the petition and the other a demurrer to plaintiff's evidence. Among the other motions overruled were, one to dismiss the action, which also embodied a plea in bar; next a motion to dismiss on account of misjoinder of parties; then a motion to require plaintiff to state when it elected to accelerate the unmatured indebtedness; and lastly the motion for a new trial.

Many errors were assigned by appellant concerning the making of the findings of fact and conclusions of law and in refusing to accept and adopt those requested by the defendant. Another error assigned is the refusal of the trial court to give any reason for the rulings made. The last assignment of error is in rendering judgment for plaintiff and against defendants. All these motions, demurrers and assignments of error have been carefully considered, and we find no reversible error therein.

The defendant Casner filed motions to dismiss, also a demurrer

to the evidence and a motion for a new trial, but we think there was no error in the rulings thereon because he filed an answer disclaiming any interest, and no judgment of any kind was rendered against him other than a bar of any interest in the property foreclosed.

The judgment is affirmed.