No. 34,641

THE JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, *Appellee*, v. (JOHN A. MAYS) BESSIE MAYS, *Appellant*.

(102 P. 2d 984)

Opinion filed June 8, 1940.

*J. A. McDermott,* of Winfield, for the appellant.

*B. F. Tracy,* of Emporia, and *Harry O. Janicke,* of Winfield, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This action involves the right of an original mortgagee and present holder of a sheriff's deed to reforeclose the mortgage against a mortgagor's second wife, who was not a signer of the note or mortgage, but who, together with her husband, occupied the premises as a homestead prior to the time the original foreclosure action was instituted but had not been made a party defendant in the original foreclosure action. The plaintiff prevailed, and the defendant, Bessie Mays, who had not been made a party defendant in the original action, appeals.

There is no substantial dispute in the evidence. The pertinent facts are, in substance, as follows: On August 13, 1926, John A. Mays and his former wife, Sadie F. Mays, executed a mortgage to plaintiff on 240 acres of land in Cowley county. Sadie F. Mays died intestate April 1, 1933, leaving as her heirs at law her husband, John A. Mays, and certain children. The title to the land in question was in Sadie F. Mays. The one-half interest of the children was acquired by Gilbert B. Eddie, prior to the original foreclosure action, subject to plaintiff's mortgage. On December 6, 1933, John A. Mays married the defendant, Bessie Mays. On February 2, 1934, plaintiff brought the original foreclosure action against John A. Mays, Gilbert B. Eddie, the wife of Gilbert B. Eddie, John A. Mays, administrator of the estate of Sadie F. Mays, deceased, and against some other parties who need not be noted. Bessie Mays, the second wife of the defendant, John A. Mays, was not made a party defendant in the foreclosure action. Two hundred and forty acres were covered by the mortgage. At the time Bessie Mays married John A. Mays, the latter was farming the entire tract. After the original foreclosure action was instituted, John A. Mays and Gilbert B. Eddie divided the land for farming purposes. John A. Mays farmed 110 acres, which included that portion of a quarter section upon which the residence and buildings were located, and Gilbert B. Eddie farmed 130 acres. Three children have been born during the second marriage. The property was occupied as a home-

stead from the date of the second marriage. After the second marriage and prior to rendition of judgment in the original foreclosure action, John A. Mays filed a petition for composition of debts and for extension of time for payment, in the United States district court, district of Kansas, second division, in bankruptcy. That petition was not signed by Bessie Mays, but was signed by John A. Mays, and by John A. Mays, administrator of the estate of Sadie F. Mays, deceased. The petition disclosed: The date of the death of the former wife and that she died as the owner and in the possession of the 240-acre tract; she was indebted to plaintiff in the sum of $5,200, which was secured by mortgage on the land which she was operating as a farm. It recited other debts. The petition disclosed the heirs at law of Sadie F. Mays, the ownership of the land and that John A. Mays and his present wife, Bessie Mays, were occupying and farming 110 acres thereof as their homestead, and that Gilbert B. Eddie was occupying and farming the remaining 130 acres of the total tract.

Plaintiff received a copy of the petition filed in the bankruptcy court about ten months prior to the time judgment was rendered in the original foreclosure action. The federal court action was dismissed. Thereafter, and on June 3, 1935, personal judgment was rendered on the mortgage note against John A. Mays, and John A. Mays, administrator of the estate of Sadie F. Mays, deceased, and the mortgage was ordered foreclosed. On July 8, 1935, the land was sold to plaintiff for the full amount of the mortgage, interest, taxes and costs. The sale was immediately confirmed and the period of redemption was fixed at eighteen months. No redemption was made, and on January 8, 1937, plaintiff received a sheriff's deed to the 240 acres of land. The deed was recorded, and plaintiff attempted to obtain possession of the premises. Bessie Mays refused to surrender possession on the ground the 160 acres of land constituted her homestead and that her rights in the homestead had not been adjudicated or disturbed by the mortgage-foreclosure judgment or the sale of the land.

The instant action was commenced April 23, 1937. The petition constituted a narrative of events which were substantially the same as the facts heretofore narrated, except that the petition did not allege the bankruptcy proceeding. The prayer of the petition was in the alternative. In it plaintiff sought to have the interest of the defendant, Bessie Mays, declared null and void, or, in the event it

was determined she had an interest in the land, that then the mortgage be ordered foreclosed and the property sold to satisfy the costs, taxes and the judgment rendered June 3, 1935. Plaintiff also prayed that defendants, after the sale, be barred from asserting any further right, title, equity or interest in and to the premises except such right of redemption as might be decreed. The judgment of the trial court was in substance: That the defendant, John A. Mays, had no further right, title, equity or interest in the real estate; that the former judgment of the plaintiff constituted a first, prior and paramount lien on the premises; that plaintiff have judgment against the defendant, Bessie Mays, in rem in the amount of the former judgment, together with interest thereon in the annual amounts which were specified; that unless the judgment be paid forthwith, the mortgage and judgment should be foreclosed against the defendant, Bessie Mays, and an order of sale should issue for the sale of the property; that except for the right of redemption by Bessie Mays, which was fixed at eighteen months, the defendant Bessie Mays should be and was forever barred from any further claim, interest or title in and to the real estate.

Defendant contends the judgment cannot stand. The various contentions will be noted presently. At the outset it is well to bear in mind the mortgage was an existing lien on the land at the time of Bessie Mays' marriage to John A. Mays. The mortgage at that time constituted a lien which was first, prior and paramount to any claim of the defendant, Bessie Mays. Her rights were, therefore, subject to the existing lien. She was not made a party to the original foreclosure action. Not having had her day in court, her rights were not affected by the foreclosure judgment. (*Stacey v. Tucker,* 123 Kan. 137, 254 Pac. 339; *Motor Equipment Co. v. Winters,* 146 Kan. 127, 133, 69 P. 2d 23.)

The real issue is whether plaintiff now has the right to foreclose the mortgage as against the defendant, Bessie Mays, in another proceeding when she was not a party to the former action and by reason of that fact plaintiff's first attempt was not effective as against her and did not fully answer plaintiff's purpose.

Defendant cites authorities holding that a note and mortgage, in the event of personal service on the makers thereof, are merged in the foreclosure judgment, and that the sale of the land for the full amount of the note, interest, taxes and costs satisfied the indebtedness, extinguished the judgment and that a second foreclosure action

cannot be maintained. Plaintiff concedes those general principles are well established as to persons who were parties to the original action, but contends it has the right to foreclose its liens in another proceeding as to a person against whom the former action was not effective. In *Houdek v. Brick*, 124 Kan. 77, 257 Pac. 753, it was held:

"The principle of merger applies only where the identical cause of action has passed into judgment in a litigation between the same parties or their privies and plaintiff has had full and complete opportunity to recover his whole demand on the cause of action." (Syl. ¶ 1.)

In *Stough v. Lumber Co.*, 70 Kan. 713, 79 Pac. 737, it was held:

"The owner of the legal estate is an essential party to an effective foreclosure of real property, and if a mortgagor conveys the mortgaged property before the foreclosure proceedings are begun and the conveyance is recorded, or the grantee is in open, actual and exclusive possession, the foreclosure as to such grantee is wholly inoperative.

"If a mortgage is foreclosed without the presence of the grantee of the mortgagor and there is a sale in pursuance of the decree, the purchaser at the sale will acquire nothing higher than an assignment of the liens sought to be foreclosed and the right to foreclose such liens in another proceeding." (Syl. ¶¶ 1, 2.)

In *Union Central Life Ins. Co. v. Irrigation L. & T. Co.*, 146 Kan. 550, 73 P. 2d 72, the title holder was not made a party defendant in the first foreclosure action. A second foreclosure action was instituted. The authorities were reviewed at length, and it was said:

"In view of such holding it may not be necessary to go further with reference to the force and effect of the judgment rendered in the first foreclosure action, but much is said in the briefs as to the question of merger or use of the notes in a second foreclosure action. From various authorities cited, including Freeman on Judgments, Jones on Mortgages, and Corpus Juris, there appears to be three different methods of procedure in cases of this kind *where the first attempt is not effective and does not fully answer the purpose of the plaintiff* and where a judgment or partial judgment has been rendered. One is to move to set aside the judgment or partial judgment remaining. Another is to sue on the judgment obtained rather than upon the notes or indebtedness for which the judgment was obtained, and the third is to commence a second action on the notes or original indebtedness.

"There was no attempt in this case to set aside the judgment, so we are not concerned with that option or privilege. The authorities seem to maintain very strongly, in line with the claim of appellant in this case, that if a judgment has been obtained on notes in the first action the second action should be based upon the judgment instead of the notes, holding that the notes were merged in the judgment. But it would require a personal judgment in order to merge the notes, and we have just reached the conclusion in this case that the judgment rendered in the first action was not a personal judgment, and

therefore, under the authorities above cited in general as well as those which will be cited hereafter, we conclude there was no merger of the notes in this case." (p. 556.) (Italics supplied.)

See, also, 19 R. C. L., § 449, p. 632, § 451, p. 634, § 452, p. 635; *Brackett v. Banegas*, 116 Cal. 278; *McCague v. Eller*, 77 Neb. 531, 110 N. W. 318, Anno. 73 A. L. R. 612, 630, 633.

Clearly the first foreclosure judgment did not constitute a merger of any indebtedness owed by the defendant, Bessie Mays. She owed no debt and no money judgment was, or could have been, rendered against her. Nor did the judgment which was rendered purport to extinguish her rights in the res or to bar her from asserting her rights therein. The judgment and sale were not effective as against her and hence did not fully answer the purpose of the plaintiff insofar as Bessie Mays was concerned.

Defendant contends the former judgment of foreclosure renders the instant action *res judicata* and cites *Kaw Valley State Bank v. Thompson*, 140 Kan. 726, 37 P. 2d 985, and *Phoenix Mutual Life Ins. Co. v. Nevitt*, 147 Kan. 772, 78 P. 2d 913. In each of those cases the parties to the second foreclosure action were the same. In the instant case they were not. A judgment in the former action against Bessie Mays would have been utterly void. She was not a party to that action and could not have been bound by any judgment rendered therein. Manifestly, the first judgment is not *res judicata* as to her.

The result of the instant judgment is that the defendant, Bessie Mays, will have eighteen months longer to redeem than she would have had if she had been made a party defendant in the original action. Concerning that result she cannot well complain on legal or equitable grounds.

Plaintiff contends the court erred in granting defendant an eighteen months' period of redemption. It insists defendant should be denied that relief on the ground of laches and want of equity. The contention is grounded on the fact the evidence disclosed defendant knew the foreclosure action was pending and took no affirmative action to enjoin the sale or to set aside the sheriff's deed. Plaintiff did not cross-appeal and is not entitled to complain of the judgment rendered. In passing, however, we might note that defendant was not obliged to intervene nor is she now precluded from asserting her rights in the only action in which those rights have been challenged. (*Simmons v. Clark*, 151 Kan. 431, 99 P. 2d 739.)

The judgment is affirmed.